HARRIET N. SPICER v. SARAH C. HOWE.

TAX DEED, *Invalid in Part.* A tax deed which contains several distinct descriptions of real estate, and the granting clause of which provides that the real property "last hereinbefore described" is conveyed, is upon its face invalid as a conveyance of any tracts other than those included in the last description.

*Error from Lyon District Court.*

EJECTMENT, brought by *Harriet N. Spicer* to recover from *Sarah C. Howe* the east sixty acres of the northwest quarter of section 4, township 19, range 10, situated in the county of Lyon. Plaintiff claimed title through a tax deed executed and recorded February 16, 1874, based on a tax sale made on May 3, 1870, for the delinquent taxes of 1869. Defendant claimed title and right of possession of the land by virtue of a tax deed from Lyon county to E. M. Forde, executed and recorded September 5, 1881, based upon the sale of September, 1878, for the taxes of 1877; a deed of general warranty from E. M. Forde and wife to H. Parkman, dated May 24, 1882, and recorded June 5, 1882; and also a quitclaim deed from Thaddeus H. Walker and wife to H. Parkman, (Walker holding the patent title from the United States,) which deed was executed on April 2, 1884, and recorded on May 23, 1884. The land remained vacant and unoccupied until June 20, 1882, at which time H. Parkman went into the actual possession thereof and began making improvements thereon, and continued in actual possession and to make improvements under his title from Forde and Walker until the sale and conveyance of the land to the defendant; and the defendant has been in the actual possession of the property since that time. The deeds under which the defendant holds are in due form and properly executed, but the tax deed from Lyon county to E. M. Forde is voidable for errors and irregularities in the proceedings prior to its execution. The tax deed under which the plaintiff holds is also voidable for errors and irregularities

30 — 38 KAS.

in the proceedings prior to its execution; and it is in the following form:

"*Know all men by these presents,* That whereas, each piece or parcel of the following-described real property, viz.: the S. E. ¼ of sec. 21, T. 21, R. 10; the S.W. ¼ of sec. 2, T. 21, R. 12; the E. ½ of N.W. ¼ of sec. 6, T. 18, R. 13; the W. ½ and S. E. ¼ of N. W. ¼ of sec. 10, T. 18, R. 12 — 60 acres off E. side of N. W. ¼ of sec. 4, T. 19, R. 10 — 116 acres of S. E. ¼ of sec. 17, T. 19, R. 10, being all of said quarter-section lying north of Cottonwood river, [here follow descriptions of twenty other pieces and parcels of real estate,] situated in the county of Lyon and state of Kansas, was subject to taxation for the year 1869, and was separately assessed; and whereas, the taxes assessed upon each piece or parcel of said real property for the year aforesaid remained due and unpaid at the date of the sale hereinafter mentioned; and whereas, the treasurer of said county did, on the 3d day of May, 1870, by virtue of authority in him vested by law, at the sale begun and publicly held on the first Tuesday of May, 1870, expose to public sale, at the county seat of said county, in substantial conformity with all the requisitions of the statute in such case made and provided, each piece of the real property above described, separately, for the payment of the taxes, interest and costs then due and unpaid on such piece of said real property respectively; and whereas, at the place aforesaid, H. N. Davis, of the county of Lyon and state of Kansas, having offered to pay as follows, to wit: 1. For said S. E. ¼ of sec. 21, T. 21, R. 10, the sum of $9.25; 2. For said S.W. ¼ of sec. 2, T. 21, R. 12, the sum of $12.79; 3. For said 60 acres off E. side of N.W. ¼ of sec. 4, T. 19, R. 10, the sum of $5.44; and whereas, at the place aforesaid, F. G. Hunt, of the county of Lyon and state of Kansas, having offered to pay as follows, to wit: For said 116 acres of S.E.¼ of sec. 17, T. 19, R. 10, being all that portion of said quarter-section lying north of the Cottonwood river, the sum of $44.41; and whereas, at the place aforesaid, D. S. Gilmore, of the county of Lyon and state of Kansas, having offered to pay as follows, to wit: For said E. ½ of N.W. ¼ of sec. 6, T. 18, R. 13, the sum of $4.78; for said W. ½ and S. E. ¼ of N.W. ¼ of sec. 10, T. 18, R. 12, the sum of $9.79; and whereas, at the place aforesaid, E. T. Kerns, of the county of Lyon and state of Kansas, having offered to pay as follows, to wit: For said lot 2, block 11, in Americus, the sum of 37 cts.; [here follow descriptions of nineteen other pieces and parcels

of real estate, with the prices offered;] said several sums being respectively the whole amount of taxes, interest and costs then due and remaining unpaid on said several pieces or parcels of said real property respectively, which said several pieces or parcels of said real property were respectively the least quantities bid for; and payment of said several sums having been by said H. N. Davis, F. G. Hunt, D. S. Gilmore, and E. T. Kerns, made to the said treasurer upon the said pieces or parcels of said real estate so bid for by them respectively, the said several pieces or parcels of said real property were respectively stricken off to said several parties upon their several bids aforesaid; and whereas, the said F. G. Hunt did, on the 3d day of May, 1870, duly assign the certificate of the sale of said property bid off by him as aforesaid, and all his right, title and interest to said property to H. N. Davis, of the county of Lyon and state of Kansas; and whereas, the said D. S. Gilmore did, on the 1st day of January, 1873, duly assign the certificate of the sale of said several pieces or parcels of said property to H. N. Davis, of the county of Lyon and state of Kansas; and whereas, the said E. T. Kerns did, on the 1st day of January, 1873, duly assign the certificates of the sale of said several pieces or parcels of said property bid off by him as aforesaid, and all his right, title and interest to said several pieces or parcels of said property, to H. N. Davis, of the county of Lyon and state of Kansas; and whereas, the subsequent taxes for the years 1870, 1871 and 1872 have been paid by the purchasers as provided by law on each of said several pieces or parcels of said real property first hereinbefore described, except the said 116 acres of S. E. ¼ of sec. 17, T. 19, R. 10, being all that portion of said quarter-section north of the Cottonwood river, amounting to the sum of one hundred and seventy-two dollars and ninety-seven cents; and whereas, the subsequent taxes of 1870 and 1871 amounting to the sum of one hundred and four dollars and twenty-eight cents, has been paid by the purchaser as provided by law on the said 116 acres of S. E. ¼ of sec. 17, T. 19, R. 10, being all that portion of said quarter-section north of the Cottonwood river; and whereas, the said H. N. Davis has since married, and her name is now H. N. Spicer; and whereas, three years have elapsed since the date of said sale, and the said property has not been redeemed therefrom as provided by law:

Now, therefore, I, J. S. Craig, county clerk of the county aforesaid, for and in consideration of the sum of nine hundred and thirty-one dollars and twenty-five cents, taxes, costs

and interest due on said lands for the years 1869, 1870, 1871, 1872, (excepting for 1872 on the 116 acres of the S.E. ¼ S. 17, T. 19, R. 10, north of river,) to the treasurer paid as aforesaid, and by virtue of the statute in such case made and provided have granted, bargained and sold, and by these presents do grant, bargain and sell, unto the said H. N. Spicer, her heirs and assigns, the real property last hereinbefore described, to have and to hold unto her, the said H. N. Spicer, her heirs and assigns, forever; subject, however, to all rights of redemption provided by law.

In witness whereof, I, J. S. Craig, county clerk as aforesaid, by virtue of the authority aforesaid, have hereunto subscribed my name and affixed the official seal of said county, on this sixteenth day of February, 1874. ·

J. S. CRAIG, *County Clerk.*

Witnesses: F. G. HUNT,
            W. L. TAYLOR,
[Lyon County Seal, Kansas.]

At the June Term, 1886, the district court held that the tax deed under which the plaintiff claimed title was not good upon its face and conveyed no title to the land to her, and gave judgment to the defendant for her costs. The plaintiff excepted to the rulings and judgment, and to reverse them she has brought this proceeding in error.

*Gillett, Fowler & Sadler,* for plaintiff in error.

*Kellogg & Sedgwick,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The first and controlling question in the case is in regard to the validity of the tax deed under which the plaintiff claims title to the land in controversy. The district court determined that it was void upon its face as a conveyance of the real property sought to be recovered; and an examination of the instrument leads us to the same conclusion. The recitals of the deed include the descriptions of twenty-eight distinct parcels of real estate. In the opening clause of the instrument it is recited that all of these tracts and parcels were subject to taxation for the year 1869, and were separately assessed; that the taxes thereon were not paid, and that on

May 3, 1870, each of these tracts was sold for the payment of the taxes, interest and costs charged against it. Then follows a recital of the tracts sold, the amounts for which they were sold, and the persons to whom sold. Following this is a recital that H. N. Davis, one of the purchasers, obtained assignments of the certificates of sale from the other purchasers for the property bid in by them. In this connection it is recited that the taxes on each of the tracts for the subsequent years 1870, 1871 and 1872 have been paid by the purchasers, excepting upon the 116-acre tract, which is definitely described, and that the taxes for 1870 and 1871 upon that tract, again describing it, were paid by the purchaser, as provided by law. Following this is a statement that H. N. Davis has since married, that her name is now H. N. Spicer, and that three years have elapsed since the date of the sale without any redemption of the property sold. Then comes the granting clause of the deed, which states that in consideration of a stated amount—

"The taxes, costs and interest due on said lands for the years 1869, 1870, 1871, 1872, excepting for 1872 on the 116 acres of the S.E. ¼ S. 17, T. 19, R. 10, north of river, to the treasurer paid as aforesaid, and by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell, unto said H. N. Spicer, her heirs and assigns, the real property *last hereinbefore described.*"

The property "last hereinbefore described" does not include the tract the title and possession of which is now in dispute, but embraces only the 116-acre tract. That property is separately and definitely described in the clause immediately preceding the words of conveyance; and hence the phrase "last hereinbefore described" expressly and clearly limits the extent of the lands conveyed to the single tract of 116 acres. The plaintiff contends that all parts of the deed read together show that the parcels of land described in the opening clause of the deed were intended to be conveyed; but the language employed by the county clerk in the granting clause leaves no room for interpretation. It is true that under the recitals the plaintiff appears to have been entitled to a tax deed for all

the parcels described in the opening clause of this instrument; but the officer, for some reason and in terms which are not ambiguous, chose to limit the real property conveyed to the single tract, and we are not permitted to import into the instrument a meaning wholly at war with the language which he used. The holding asked for by the plaintiff would require the substitution of the word "first" for "last," so that the phrase in the granting clause would read: "the property first hereinbefore described." It is said by plaintiff that the statutory form of a tax deed has been followed in this case, as the granting clause of that form uses the terms the "real property last hereinbefore described." The form of the deed must be in substantial compliance with the statute, but it must also conform with the real facts upon which the deed is based. If only a single tract had been described in the deed, the form used would have been appropriate and sufficient; but in this deed there was the history of twenty-eight distinct parcels, and the steps taken were not the same as to all these tracts. To correctly recite the facts, it became necessary in the deed to separately describe some of the tracts; and therefore the necessity to depart from the form given as a guide in the statute. To give flexibility to that statute, the legislature has provided that the form given shall be *substantially* followed. In *Norton v. Friend,* 13 Kas. 538, it is said that—

"A tax deed should follow the form given by statute only so far as it can do so truthfully, and where it cannot do so truthfully, it should state the facts as they really exist."

In *Magill v. Martin,* 14 Kas. 67, it was remarked with reference to a strict adherence to the statutory form, that—

"When the conditions of the sale are such, that, to follow the form is to recite an untruth, and show an illegal sale, the form must be modified to suit the facts. To make a statement of an illegal and void sale evidence of a legal and valid sale, is a contradiction not to be imputed to the legislative intent. The statute says that the deed shall be in *substantial* compliance with the form. It thus contemplates minor modifications, and those modifications must be such as to make the deed recite the truth, and comply with the conditions of valid action."

Only a modification of a word or two was required in order to have conveyed all the lands sold, if such had been the intention. The cited case of *Dodge v. Emmons,* 34 Kas. 732, does not strengthen the position of plaintiff. The granting clause of that deed contained words similar to those used in the present deed, and immediately preceding that clause there was a defective or rather an attempted description. However, it was only a starting-point, and was held not to be a description, and the words "the property herein last before described" were held to refer to the first description given in the deed. In fact there was only a single tract described in that deed; and it was ruled that the first description was really the only one embraced in the instrument. The plaintiff was never in possession of the land in dispute, and the deed upon which she relies wholly failed to convey the land to her; and hence she had no title or right of possession therein.

The judgment of the district court will be affirmed.

All the Justices concurring.