Cartwright v. Korman.

3. Void judgment, not validated.

The judgment of the court below will be affirmed.

All the Justices concurring.

S. S. CARTWRIGHT v. AMELIA KORMAN, *an insane person, by her guardian, B. Korman.*

1. TAX SALE — *Recovery of Land Sold — Limitation.* The limitation provided by §141 of the tax law is not modified or limited by §17 of the civil code; nor are persons who are insane excepted from its operation.

2. TAX DEED, *Valid on Face.* A tax deed recited that four lots on a certain street of a city, describing them, were subject to taxation for a certain year, and the taxes not being paid they were sold separately to a single purchaser. In the recitals of the sale the description

of each is distinct from the others, but all stand described together in the body of the deed. In the subsequent recitals relating to assignment and redemption, they were all referred to as "said property." The granting clause then provides that in consideration of the taxes due and paid on "said land," the county clerk conveys to the purchaser "the real property last hereinbefore described." *Held*, That the deed is valid on its face, and effectually conveys all four of the lots.

*Error from Shawnee District Court.*

EJECTMENT. Judgment for the plaintiff *Korman* at the September term, 1888. The defendant *Cartwright* brings the case to this court. The opinion states the material facts.

*Hazen & Isenhart*, for plaintiff in error.

*J. D. McFarland*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action in the nature of ejectment to recover the possession of lots 28 and 30, on Harrison street, in the city of Topeka. Amelia Korman was the owner of the lots named, in 1862, and still continues to be the owner, unless she has been divested of her title by a tax deed executed and delivered to S. S. Cartwright on November 15, 1878. Amelia Korman has been of unsound mind ever since 1869, and on July 16, 1877, she was duly adjudged by the probate court of Leavenworth county to be insane and incapable of managing her own affairs, and immediately afterward she was committed to the insane asylum, where she has since remained, never having been restored to her right mind. In May, 1873, the lots in question were sold for the taxes of 1872, and on November 15, 1878, they were conveyed by tax deed to Cartwright, as has been stated, and the deed was duly recorded on the same day. The property was vacant and unimproved when the conveyance was made and until September, 1879, when Cartwright took possession of the same, and erected buildings and fences thereon, and has continued in possession ever since that time. In July, 1877, B. Korman was appointed guardian of the

person and estate of Amelia, and has continued to be such guardian till the present time. The district court found these facts, and also what the rental value of the lots would have been in an unimproved condition as well as in their improved condition for the time Cartwright has been in possession. It also found that the proceedings upon which the tax deed was based were irregular, and insufficient to sustain the deed, and thereupon rendered judgment in favor of Amelia Korman and against S. S. Cartwright for the possession of the lots, and for $1,209 damages for the unlawful withholding of the same.

The main question presented by the record is, whether the irregularities mentioned are now available to defeat the deed, or whether they have been cured by the limitation prescribed in § 141 of the tax law. It reads as follows:

"Any suit or proceeding against the tax-purchaser, his heirs or assigns, for the recovery of land sold for taxes, or to defeat or avoid a sale or conveyance of land for taxes, except in case where the taxes have been paid or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter."

This section is broad and general in its terms, and makes no exception of persons under disabilities. The limitation begins to run immediately upon the recording of the tax deed, and against all persons, except in such cases and against such persons as are expressly excepted from its operation. The only exception provided is where the taxes have been paid or the lots redeemed as provided by law. Provision is made in the code whereby persons who are under disability, such as infancy or insanity, when the cause of action accrues, may bring their action within two years after the disability is removed. (Civil Code, § 17.) But § 141 of the tax law is not modified, controlled or limited to any extent by the provisions of the code. It has been determined that it is complete in itself, except so far as it is modified by other provisions of the tax law. (*Bebee v. Doster*, 36 Kas. 666; see, also, *Edwards v. Sims*, 40 Kas. 235.)

1. Tax sale — recovery of land sold — limitation.

Our attention is not called to any provision of the tax law which modifies or limits this provision, except § 128 of that statute. It provides that minors may redeem lands sold for taxes at any time before they become of age, and one year thereafter. It also provides that the lands of idiots and insane persons may be redeemed at any time within five years after the sale in the manner provided in the tax law. In § 127 of the tax law the ordinary period of redemption is fixed at three years, and certainly if there had been no exception to this general provision neither minors nor insane persons could have had longer time than three years in which to redeem. The right to redeem is purely statutory, and the legislature having made the exceptions named, indicates that no others were intended. For the same reason the period for bringing actions to defeat or avoid a sale or conveyance of land sold for taxes as provided in § 141 cannot be extended, nor can any cases be excepted from its operation beyond those expressly provided by the legislature. An insane owner may bring an action to defeat the tax deed within five years after the recording of the same, and may redeem or institute proceedings to redeem within five years after the sale of land for taxes. Taking the two provisions together, it is manifest that insane persons are not excepted from the operation of § 141. However wise and politic it might be to give persons laboring under the disability of insanity a longer time in which to redeem, or to begin an action for the recovery of land sold for taxes, the courts have no power to extend the time of limitation beyond that fixed by statute. The legislature alone has this power. In this case the guardian was appointed prior to the execution of the tax deed, and before the expiration of the time to redeem the land or to bring an action to defeat the tax deed for irregularity. He neglected to take any steps to redeem or recover the property, and the responsibility for any loss or damage occasioned by his neglect to protect the interests of the estate rests upon him.

There is a further contention that the deed is void on its face, and therefore Cartwright acquired no right of possession

under it; but counsel for plaintiff in error state that this position was not sustained by the district court. The deed purports to convey lots 24, 28, 30, and the south half of 22, on Harrison street. It recites that these lots, naming them, were subject to taxation for the year 1872, and the taxes not being paid, they were sold separately for several distinct sums. In the recitals of the sale the description of each lot is distinct from the others, but all are given together in the body of the deed, and all were sold to the same purchaser. Then follows a recital that the purchaser assigned the certificate of sale of "said property" to Cartwright, who had paid the subsequent taxes thereon, and that "said property" had not been redeemed. The granting clause then provides that in consideration of the taxes due and paid on "said land," the county clerk grants, bargains and sells to Cartwright "the real property last hereinbefore described." It is claimed that the "property last hereinbefore described" is only the south half of lot 22, and that under the decision of *Spicer v. Howe*, 38 Kas. 465, it must be held that the deed was ineffectual to convey lots 28 and 30, which are in controversy. We do not think the present case is ruled by the one cited. In that case there was in the granting clause a single and independent tract of land which was specifically described wholly apart from any other description, and it was held that the property "last hereinbefore described" referred alone to that description. In the present case all four of the lots are described together, and in the subsequent recitals of the deed all four lots are referred to as "said property" and "said land." As they were all sold to a single person, and as they stand described together in the deed, and as all are afterward spoken of together as "said property" in the recitals relating to assignment and redemption, we think the phrase in the granting clause, "the real property last hereinbefore described," fairly includes all of them, and that the deed effectually conveys all. It follows from these considerations that the plaintiff in error was entitled to judgment upon the findings, and therefore the judgment of the district court will be reversed,

2. Tax deed, valid on face.

and the cause remanded with direction to give judgment in favor of plaintiff in error.

All the Justices concurring.