JAMES S. GIBSON v. GOTTFRIED KUEFFER.

No. 13,688. (77 Pac. 282.)

SYLLABUS BY THE COURT.

1. TAXATION — *Sufficient Description in Tax Deed.* In a tax deed reciting the sale of several disconnected tracts, the use in the granting clause of the words "and each and every separate tract and parcel thereof," in addition to the statutory form designating the property conveyed as "the real property last hereinbefore described," indicates a purpose to convey all of the land sold.

2. ——— *Tax Deed Invalid upon its Face — Limitation of Action.* A tax deed which covers several disconnected tracts of land and fails to state the amount for which each separate tract was conveyed is invalid upon its face and may be set aside on that ground, even after the lapse of five years from the time it was recorded.

Error from Ness district court; CHARLES E. LOB-DELL, judge. Opinion filed June 11, 1904. Reversed.

*W. H. Russell*, for plaintiff in error.

*N. H. Stidger*, for defendant in error.

The opinion of the court was delivered by

MASON, J. :   The only question here presented is whether a certain tax deed was sufficient in form to resist an attack upon it made after it had been of record for more than five years for defects shówn upon its face.   The trial court upheld the deed by sustaining' a demurrer to an answer which set out its contents in full and called àttention to the matters claimed to invalidate it.

The deed included two disconnected tracts.   Its granting clause described the property conveyed as "the real property last hereinbefore described and each and every separate tract and parcel thereof." Plaintiff in error contends that by reason of this language there was no conveyance of the tract first described in the·deed, which is the land here involved, and the case of *Spicer v. Howe*, 38 Kan. 465, 16 Pac. 825, is relied on as supporting the contention.   There the deed, after describing several tracts and reciting the various transactions relating to each, wound up by granting "the real property last hereinbefore described," and was therefore held to convey only one tract—that last designated.   But the deed here involved resembles the one held good as a conveyance of several parcels in *Cartwright v. Korman*, 45 Kan. 515, 26 Pac. 48, in that its recitals throughout refer to the tracts collectively as "said property."   Moreover, whatever doubt there might be as to the land indicated by the expression "the real property last hereinbefore described," which is adopted literally from the form prescribed by statute (Gen. Stat. 1901, § 7676 ), is removed by the addition of the words "and each and every separate tract and parcel thereof," which were manifestly employed for that very purpose.

The other objection made to the deed is that, while it states the amount for which each separate tract was sold, yet the subsequent taxes for three years, which were paid by the holder of the certificates and which formed a part of the consideration for the deed, are merely given in gross, so that it cannot be told from the face of the deed how much was paid for such taxes upon either tract separately. The statute provides (Gen. Stat. 1901, § 7677) :

"In any case where any purchaser at any tax sale shall purchase more than one parcel or tract of land or lots, he may require the county clerk to include all such lands or lots in one deed, stating the amount of tax, interest and penalty for which each separate tract is sold and conveyed, the sum of which separate amounts shall be the gross or aggregate consideration of the deed."

That this statute requires a separate statement of. the subsequent taxes paid upon each tract, as well as of the amount for which each tract was originally sold, appears from the requirement that the deed shall show the amount for which each is conveyed, as well as the amount for which it is sold. While the land is in the first instance *sold* for one year's tax, it is *conveyed* for this amount plus any subsequent payments indorsed on the certificate. That this is the meaning intended appears also from the concluding provision that the sum of the amounts stated separately shall be the aggregate consideration of the deed. The deed having omitted a recital which the statute explicitly requires, it is invalid upon its face. (27 A. & E. Encycl. of L., 2d ed., 968.) It was said in *Hopkins v. Scott*, 86 Mo. 140, 147 :

"It may be said that, to hold the deed in question to be void on its face because of its failure to state, substantially, a fact required to be thus stated, would

be technical. The answer to this is, that the legislature has required a certain fact to be substantially stated, which, in this case, has not been done, and we are not authorized to eliminate from the statute a recital which the legislature has declared the deed must substantially contain, nor are we authorized to say. that this or that recital, required to be stated substan-tially in a tax deed, is unnecessary and immaterial, but must, on the contrary, presume that the legisla-ture deemed all the recitals which it required to be, set out material."

The history of the statute under consideration tends to show that the requirement in question was deemed important by the legislature. Up to 1876 the tax law permitted pieces of land sold separately to be included in one tax deed, without imposing any condition as to the separate statement of the amounts paid for each. (Gen. Stat. 1868, ch. 107, § 115.) This provision was repealed at the time of the revision of the laws relating to assessment and taxation in 1876. (Laws 1876, ch. 34, § 158.) In 1889 it was reenacted as an independent act (Laws 1889, ch. 248), but with the addition of the requirement for the separate statement of the consideration for which each piece was sold and conveyed. It thus appears that it was the delib-erate legislative judgment that the inclusion of sep-arate tracts in one tax deed ought not to be allowed at all except with the requirement that the considera-tion for each be separately stated.

But it is further argued that this defect is cured by the operation of the five-year statute of limitations (Gen. Stat. 1901, § 7680). The case, however, is with-in the reason and the letter of the doctrine thus stated in *Jesse A. Shoat v. Thaddeus H. Walker*, 6 Kan. 65, 74:

"A tax deed, to be sufficient when recorded to set the statute of limitations in operation, must of itself be *prima facie* evidence of title. It is not necessary

that the deed be absolutely good under all circumstances. It is not necessary that it be sufficient to withstand all evidence that may be brought against it to show that it is bad. But it must appear to be good upon its face; it must be a deed that would be good if not attacked by evidence *aliunde*. When the deed discloses upon its face that it is illegal, when it discloses upon its face that it is executed in violation of law, the law will not assist it. No statute of limitations can then be brought in to aid its validity. The party accepting it, and claiming under it, has full notice of its illegality, and must abide the consequences of such illegality. He has no reason to complain."

This language was quoted with approval in *Hall's Heirs v. Dodge*, 18 Kan. 277, and in *Redfield v. Parks*, 132 U. S. 239, 251, 10 Sup. Ct. 83, 33 L. Ed. 327. See, also, Black on Tax Titles, section 290, and cases cited.

The judgment is reversed, and remanded with directions to overrule the demurrer to the answer.

All the Justices concurring.