CHARLES E. GIBSON V. GODFREY HAMMERBURG.

No. 14,316.     (83 Pac. 23.)

SYLLABUS BY THE COURT.

1. TAX DEEDS—*Statutory Form—Presumption of Regularity.*
A tax deed which follows the form prescribed by statute is
sufficient, and furnishes *prima facie* evidence that the tax
proceedings were regular and that every step necessary to
the validity of the deed was taken.

2. —— *Description of Property Sold—Sufficiency.* A tax
deed which gives a full description of a single city lot in the
recital that it was subject to taxation, and, in subsequent re-
citals as to sale, assignment of certificate and of the con-
veyance of the property the lot is not redescribed, but only
referred to as "said property," "the real property above de-
scribed," and "the real property last hereinbefore described,"
is not void for insufficient description of the property sold
and conveyed, where the deed recites that the whole lot was
sold, that being the least quantity bid for the taxes charged
against it.

Error from Montgomery district court; THOMAS J.
FLANNELLY, judge. Opinion filed December 9, 1905.
Affirmed.

*A. L. Billings,* for plaintiff in error.

*Albert L. Wilson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an action to recover a lot in the
city of Cherryvale the result turned on whether a tax
deed purporting to convey the lot, and under which
Godfrey Hammerburg held, was valid on its face.
The defect relied on by Charles E. Gibson, who held
under a conveyance from the original owner, was that
a full description of the land was not given in the
granting clause of the tax deed. In the first part of
the tax deed, and as a part of the recital that the lot
was subject to taxation, it is fully and accurately de-
scribed. In the succeeding parts, reciting the sale, the
assignment of the certificate of sale, the failure to re-

deem from the sale, and the final grant and conveyance to the assignee, the lot is referred to as "said property," "the real property above described," and "the property last hereinbefore described." There can be no uncertainty or doubt as to the property taxed, sold, or intended to be conveyed. Only one description is given in the deed, and that is complete and perfect. The whole of the parcel taxed was sold for the taxes. It was the least quantity bid for the taxes charged against it, and the whole of it was conveyed by the deed.

Reference is made to *McDonough v. Merten,* 53 Kan. 120, 35 Pac. 1117, where it was said that a second description was necessary. There, however, a quarter-section of land was taxed, and the deed did not show the quantity of land sold for taxes, or that what was sold was the least quantity bid for the taxes against the property. It was therefore held that the omissions were fatal to the validity of the conveyance. Here it is recited that the purchaser, "having offered to pay the sum of $7.38, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property, for all of said property, which was the least quantity bid for, and payment of said sum having been by him made to the said treasurer, the said property was stricken off to him at that price." It therefore appears that a single lot was taxed, a single lot was sold, and a single lot was conveyed, and the appropriate references to the lot as first described in the deed designate the property sold and conveyed with "ordinary and reasonable certainty," and that is all that is required. (*Haynes v. Heller,* 12 Kan. 381; *Dodge v. Emmons,* 34 Kan. 732, 9 Pac. 951.)

There is a further contention that the deed is bad because it does not show the notice of tax sale, that a certificate of sale was given, and that the certificate was presented to the county clerk prior to the execution of the deed. While these details are men-

tioned in the statute, they are not prescribed in the statutory form of deed. Where the statute prescribes the form of a deed a compliance with that form is sufficient. (*Hobson v. Dutton*, 9 Kan. 477.) The deed in question closely follows the statutory form, and, being good on its face, it furnishes *prima facie* evidence that the required notices were given, that the proceedings were regular, and that every step necessary to its validity was taken. There is further a recital in the deed, as prescribed by the statute, that the sale was made in substantial conformity with all the requisites of the statute. The case of *Duncan v. Gillette*, 37 Kan. 156, 14 Pac. 479, is cited as an authority that the recital of the facts above stated is essential to the validity of the deed. In that case the deed was made under a special statute providing for a resale of lands bid in by the county which remained unredeemed for five years after the first sale, without any one offering to purchase the same for the taxes, penalties, and charges. The statute did not prescribe the form of the deed in such cases, and hence it was held that the deed should show compliance with the special authority under which it was issued and that the essential steps prescribed by that statute had been taken.

The court ruled correctly in holding that the tax deed was valid on its face, and hence its judgment is affirmed.

All the Justices concurring.