## W. W. ROBBINS v. R. A. FRAZIER.

No. 14,687.    (87 Pac. 1136.)

SYLLABUS BY THE COURT.

1. TAX DEED—*Date of Sale*. The provision of the statute that a tax deed shall be substantially in a prescribed form, which provides for a recital of the date of sale, implies a requirement that in order to be good on its face it shall show on what day the sale was made, and such requirement is not met by a showing that it was made on one or the other of two designated days, without indicating which.

2. ———— *Void on Its Face—Recorded Five Years*. A recital in a tax deed covering several disconnected tracts that they were sold on the 2d and 4th days of September will be interpreted as meaning that some of them were sold on the second and some on the fourth, and where there is nothing in the deed to indicate upon which of the two days a particular tract was sold the deed will be held invalid as a conveyance of that tract, even when attacked after having been of record for five years.

Error from Kiowa district court; EDWARD H. MADI-SON, judge. Opinion filed December 8, 1906. Reversed.

*John W. Davis,* for plaintiff in error.

*L. M. Day,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: This case presents the question whether the trial court ruled correctly in holding a tax deed to be good against an attack made after it had been of record for five years. The only objection to the deed necessary to be considered is that it fails to show with certainty the day of the sale on which it is based. It covers five disconnected tracts. Its recitals are in substance that the county treasurer, "on the 2d and 4th days of September, A. D. 1890," offered each of said tracts for sale as it was reached in its turn and sold it. It is of course impossible that a single tract should have been sold on different days, and this language can only be interpreted to mean that a part of the lots were sold on the 2d and the rest on the 4th. The tract here involved is the third on the list in the order in which they are numbered in the deed. There is nothing in any part of the instrument from which any inference can be drawn as to whether this particular tract was sold on the first day named or on the second. There is therefore a failure to show upon what day the sale was in fact made. If this omission is ordinarily fatal to a tax deed the one here involved cannot be saved by the consideration that it discloses that the sale took place upon one or the other of two days and that the interval between them is slight. A requirement that the date of a transaction shall be designated is not met by merely restricting the possible dates to two. Whether the interval between them is small or great cannot affect the matter.

Is such omission fatal? The statute does not in terms require a tax deed to show the day of the sale. It does, however, provide that the deed must be sub-

stantially in a prescribed form, of which the following is a part:

"And whereas, the treasurer of said county did, on the —— day of ——, A. D. ——, . . . at (*an adjourned sale of*) the sale begun and publicly held on the first Tuesday of May, A. D. ——, expose to public sale . . . the real property above described, . . . and whereas, at the place aforesaid, A. B., . . . having offered to pay the sum of —— dollars and —— cents, . . . °the said property was stricken off to him at that price." (Gen. Stat. 1901, § 7676.)

This amounts to a requirement that the date of sale shall be stated unless it can be said that such date is not a material or substantial matter. It is true that the deed shows affirmatively that the land was offered in the course of the regular September sale, and sold more than three years before the deed was executed. It is therefore difficult to see how the failure to recite the exact date could have misled or in any way prejudiced the owner or any one interested in the land.

In *Haynes v. Heller*, 12 Kan. 381, it was said in the syllabus that a tax deed "must show upon its face the time at which the property was sold, or it will be void," and in the opinion that "the time at which the sale is made is of course material" and that the deed should "show the time of sale." (Page 391.) These expressions, however, are employed *arguendo*, and the context suggests that they have especial reference to the necessity that the deed shall indicate that the sale was made at the time fixed by law—that is, under the present statute, during the period beginning with the first Monday of September—a requirement which in this instance is met by other recitals than that quoted. Nevertheless, the fact remains that the exact date of the sale of a particular tract marks an important point in the proceedings leading up to a tax deed; it is the time from which interest on the amount of delinquent tax is computed and from which the right to redeem runs.

In view of this consideration the implied requisition that the deed shall recite it must be deemed as mandatory as though expressly stated, and by the principle followed in *Gibson v. Kueffer,* 69 Kan. 534, 77 Pac. 282, the failure to comply with such a requirement is fatal to the deed, even upon an attack made after it has been of record for more than five years.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.

All the Justices concurring.