CHARLES E. GIBSON v. ELI SHINER..

No. 14,761.   (88 Pac. 259.)

SYLLABUS BY THE COURT.

1. TAX DEED—*Description—Several Tracts.* Where a tax deed covering several tracts first describes them in full and assigns to each a number, and thereafter intelligibly refers to them respectively by number only, the omission of any further description does not render the deed voidable.

2. ——— *Tracts Widely Separated, or Lying in Different Districts.* The rule announced in *Cartwright v. Korman,* 45 Kan. 515, 26 Pac. 48, that where several disconnected tracts are included in the same tax deed the expression in the granting clause "the real property last hereinbefore described" will be interpreted as including all of them, where it follows recitals in which they are collectively referred to as "said property," is not affected by the circumstance that the several tracts included in the deed are widely separated and lie in different taxing districts.

Error from Ness district court; CHARLES E. LOB-DELL, judge. Opinion filed December 8, 1906. Affirmed.

*W. H. Russell,* for plaintiff in error. .

*Foulks & Wilson,* and *H. G. Stidger,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: The only question involved in this case is whether the trial court erred in holding a certain tax deed conveying several disconnected tracts good upon its face. The first objection made to it is that after describing the property offered for sale it fails to give a description of the part that was actually bid for and sold, reliance being placed upon the statement in *McDonough v. Merten,* 53 Kan. 120, 35 Pac. 1117, that "the legislature intended that at least two descriptions should be included in every tax deed: First, a description of the property assessed, taxed, and offered for sale; and, following that, a second description, showing

the least quantity bid for." (Page 124.) Here, however, the recital is that the buyer had offered to pay the amounts specified "for the whole of each of said parcels, tracts and lots respectively, which as to each of them was the least quantity bid for." The deed is therefore good against this attack, within the authority of *Gibson v. Hammerburg,* 72 Kan. 363, 83 Pac. 23.

A further objection is that the draftsman of the deed, having once described the several tracts involved and having assigned to each tract a number, thereafter referred to them by number only, without repeating the description. It is argued that while the statute provides that certain abbreviations may be used in a tax deed it does not authorize this particular method of economizing time, effort and space. The want of express authority is immaterial. The method employed is one that involves no indefiniteness or uncertainty; it results in a concise, intelligible and exact setting forth of what was in fact done with respect to each tract and each step required to be shown. It therefore affords no ground for avoiding the deed. See cases cited in *Gibson v. Hammerburg, supra.*

The final objection is that as the description employed in the granting clause is "the real property last hereinbefore described" the deed operates as a conveyance of only the last of the several tracts in the order of their enumeration, within the rule announced in *Spicer v. Howe,* 38 Kan. 465, 16 Pac. 825. Preceding the granting clause, however, the lands of the entire list are referred to collectively as "said property" and "said unredeemed real property," and nowhere in the deed is any one tract or part of a tract singled out from the rest so as to be identified by the phrase "the real property last hereinbefore described." The case is therefore similar to, and must be controlled by, *Cartwright v. Korman,* 45 Kan. 515, 26 Pac. 48, which is distinguished from *Spicer v. Howe* upon these grounds.

Counsel for the plaintiff in error attempt to point out

but one feature in which the deed now under consideration differs from that upheld in *Cartwright v. Korman.* There the several tracts involved, while not contiguous, were parts of the same city block; here they are widely scattered and presumably do not lie even in the same taxing district. We are unable to perceive that this circumstance has any relation to the principle involved or affords any ground for making a distinction between the two deeds with respect to their validity. In *Gibson v. Kueffer*, 69 Kan. 534, 77 Pac. 282, it was remarked that where several tracts are involved the addition of the words "and each and every separate tract and part thereof" to the statutory form "the real property last hereinbefore described" removed whatever doubt might otherwise exist as to the land conveyed, but it was not thereby intended to intimate that the additional words were necessary where the form employed was similar to that held to be sufficient in *Cartwright v. Korman, supra,* or to forecast any departure from the rule there announced. The judgment is affirmed.

All the Justices concurring.