[Civil No. 1091.   Filed March 20, 1909.]

[100 Pac. 831.]

FRANCES J. ABEL, Plaintiff in Error, v. GEO. W. SWAIN and MARTHA SWAIN, Defendants in Error.

1. LIMITATION OF ACTIONS—PLEADING—DEMURRER TO ANSWER.—A general demurrer to the entire answer in a suit to quiet title which pleads in bar the ten year statute of limitation, and which denies that plaintiff is the owner of the property and entitled to the possession thereof, etc., is properly overruled, though the ten year statute of limitation is not applicable to the action.

2. TAXATION—TAX DEEDS—CONSTRUCTION—"LAST DESCRIBED."—A deed from a tax collector to the territory, which recites the assessment and levy of taxes for the year on property described as "Cabin and lot 6 of block 60 and cabin and lot 7 of block 60" of a city and on personal property, and which states that the taxes were delinquent, and that the property was sold to the territory, and which conveys to the territory "all that lot . . . of land . . . above and last described in this deed," conveys only lot 7.

ERROR from the District Court of the Second Judicial District, in and for the County of Cochise.   Fletcher M. Doan, Judge.   Affirmed.

The facts are stated in the opinion.

O. Gibson, for Plaintiff in Error.

A suit commenced within ten years from the date of the taking effect of the ten year statute of limitation was commenced in time to avoid the bar of the statute.   *Curtis* v. *Boquillas Land & Cattle Co.*, 9 Ariz. 62, 76 Pac. 612; *Herrick* v. *Boquillas Land & Cattle Co.*, 200 U. S. 96, 26 Sup. Ct. 192, 50 L. Ed. 388; *Crowell* v. *Davenport*, 11 Ariz. 323, 94 Pac. 1114.

H. L. Pickett, for Defendants in Error.

"A tax deed which contains several distinct descriptions of real estate, and the granting clause of which provides that the real property, 'last hereinbefore described' is conveyed, is upon its face invalid as a conveyance of any tracts other

than those included in the last description." *Spicer* v. *Howe,* 38 Kan. 465, 16 Pac. 825; Black on Tax Titles, 2d ed., 502.

CAMPBELL, J.—The plaintiff in error, plaintiff below, brought this action to quiet her title to lot 6, in block 60, of the city of Tombstone. She alleges in her complaint that the property was sold to the territory in 1887 for the delinquent taxes of 1886, that a deed was executed to the territory on August 29, 1887, and that on September 6, 1907, the board of supervisors of Cochise county executed to her a deed for the said property. The defendants in their answer allege that they have been in the quiet, peaceable, and adverse possession of the property in controversy for more than nineteen years last past, using and enjoying the same, and plead in bar of the action the ten year statute of limitation. Further answering the complaint, they deny that the plaintiff is the owner, in fee or otherwise, of the said property, and that she is entitled to the possession of the same, and that the deed of the tax collector conveyed any title to the property to the territory, and that the board of supervisors conveyed any title to the plaintiff. The plaintiff demurred to the answer, which demurrer was overruled. At the trial the deed executed by the tax collector to the territory in 1887 and the deed executed by the board of supervisors to the plaintiff were offered and received in evidence over the objection of the defendants, but at the close of the plaintiff's case judgment was rendered for the defendants.

The ruling of the court upon the demurrer to the answer is assigned as error solely upon the theory that the ten year statute of limitations is not applicable to this action. Conceding that the action is not barred, the demurrer, being a general one to the entire answer, was properly overruled.

The action of the court in awarding judgment to the defendants is also assigned as error. The deed from the tax collector to the territory recites the assessment and levy of taxes for the year 1886 upon the property described as "cabin and lot 6, of block 60," and "cabin and lot 7, of block 60, of the city of Tombstone," and upon certain personal property; that the taxes were delinquent and the property sold to the territory, and conveys to the territory "all that lot, piece or parcel of land or property above and last described.

in this deed." The plaintiff contends that it is apparent from the recitals of the deed that both lots 6 and 7, of block 60, were levied upon for taxes; that the taxes were delinquent; that the tax collector intended to convey both to the territory. Whatever his intentions were, it is manifest that the deed does not serve as a conveyance of lot 6. It purports to convey only the lot "last described," and that is lot 7. The language of the deed is not ambiguous, and we are not at liberty to give to it an effect that is wholly unwarranted by its terms. A deed precisely similar in this respect was before the supreme court of Kansas in *Spicer* v. *Howe*, 38 Kan. 465, 16 Pac. 825, and the same conclusion was reached by that court. The deed did not convey to the territory any title to the property in dispute. Therefore the deed of the board of supervisors conveyed none to the plaintiff.

The judgment of the district court is affirmed.

KENT, C. J., and SLOAN, J., concur.

NAVE, J.—I think that the deed is somewhat ambiguous, and differ from the majority view to that extent. I concur in the judgment.