IRA L. MILBURN, *Appellant*, v. A. R. BEATY, *Appellee.*

No. 16,312.

### SYLLABUS BY THE COURT.

1. TAX DEEDS—*Certificate Assigned for Less than Redemption Price—Erroneous Computation of Interest.* A tax deed over five years old will not be set aside because it shows on its face that the amount for which the certificate was assigned and the deed issued—$78.97—was 39 cents less than should have been charged, when the discrepancy is traceable to the computation of interest and the amount paid is only one cent less than the result that would be obtained by figuring the interest on one dollar, rejecting the fractions of a cent, and multiplying this by the number of dollars in the interest-bearing charge, carried out to two decimal places.

2. ———— *General Recital Limited by Specific Recitals.* A tax deed over five years old based upon the taxes of several years will not be held void because in the statement of the consideration the amount is referred to as the taxes, cost and interest due for a single year, where the specific recitals show the actual facts.

3. ———— *Description of Party Executing the Deed.* A signature to a tax deed reading, "J. F. Simpson, by A. Reeves, deputy county clerk," will be interpreted as though it read "J. F. Simpson (by A. Reeves, deputy), county clerk."

Appeal from Morton district court; WILLIAM H. THOMPSON, judge. Opinion filed February 12, 1910. Affirmed.

*George D. Rathbun,* for the appellant.

*T. W. Marshall, William Easton Hutchison,* and *C. E. Vance,* for the appellee.

The opinion of the court was delivered by

MASON, J.: This case involves the validity of a tax deed over five years old, which was upheld by the trial court. The deed, after reciting the offering of two separate quarter sections at tax sale on September 4, 1894, for the delinquent taxes of 1893, proceeded:

"And whereas, at the place aforesaid, neither of the said parcels, tracts, and lots of property could be sold for the amount of the taxes and charges thereon, and each of them was therefore, as they were severally and in due course as aforesaid, offered for sale, bid off by the county treasurer of said county, for the whole amount of the taxes and charges then due and remaining unpaid on each of the said parcels, tracts and lots of said property hereinbefore described and severally numbered, to wit: On the parcel, tract or lot in said description numbered 1, the sum sixteen dollars and seventeen cents; on that numbered 2, sixteen dollars and seventeen cents. And whereas, for the sum of sixteen dollars and seventeen cents for said tract numbered 1, and sixteen dollars and seventeen cents for that numbered 2, being as to each of said parcels, tracts and lots equal to the cost of redemption thereof at that time, paid to the treasurer of said county on the 19th day of May, A. D. 1898, the said treasurer did give to A. R. Beaty, of the county of Kearny and state of Kansas, certificate of that date, as in such cases provided by law, for and concerning each of the said parcels, tracts and lots, and the county clerk of the said county did, on the same day, duly assign to the purchaser aforesaid the said certificates of sale, and all the interest of said county in said property. And whereas, the subsequent taxes of the year 1894, and of the year 1895, and of the year 1896, amounting, for each of said years, respectively, on each of said parcels, tracts and lots as

hereinbefore numbered and described, as follows: On that numbered 1, for 1894, $17.71; for 1895, $14.63; for 1896, $9.87; on that numbered 2, for 1894, $17.71; for 1895, $14.63; for 1896, $9.87; having been paid by the said A. R. Beaty as provided by law. And whereas, three years have elapsed since the date of said sale, and none of the said property has been redeemed therefrom, as provided by law, the said unredeemed real property having been advertised and notice given that it would be conveyed unless redeemed by a certain day named, and said advertisement and notice having been made in substantial conformity with all the requisitions of the statutes in such case made and provided:

"Now, therefore, I, J. F. Simpson, by A. Reeves, deputy county clerk, of the county aforesaid, for and in consideration of the sum of one hundred fifty seven dollars and ninety-four cents, taxes, cost, and interest due on said land for the year 1896, to the treasurer paid as aforesaid, and on presentation to me of the certificate of sale, and by virtue of the statute in such case made and provided, have granted, bargained, and sold, and by these presents do grant, bargain, and sell unto the said A. R. Beaty, his heirs and assigns, all of the real property last hereinbefore described, to have and to hold, unto him, the said A. R. Beaty, his heirs and assigns forever; subject, however, to all rights of redemption provided by law.

"In witness whereof, I, J. F. Simpson, by A. Reeves deputy county clerk as aforesaid, by virtue of authority aforesaid, have hereunto subscribed my name and affixed the official seal of said county on this 19th day of May, A. D. 1898.           J. F. SIMPSON.

"(Seal.)     By A. REEVES, deputy county clerk."

The deed recites that the certificate for each tract was assigned for $16.17, the amount for which it was originally sold, and that the assignee paid the subsequent taxes for three years. It is manifest, however, that these recitals were inserted through a misapprehension of the draftsman. The deed was issued on the same day that the certificate was assigned, and therefore no taxes could have accrued after the assignment of the certificate and before the execution of the deed. There were no "subsequent taxes" to be paid. The

Milburn v. Beaty.

deed was required to recite only two amounts with ref-
erence to each tract—that for which it was bid in by
the county, and that for which the certificate was as-
signed.  The first of these was stated in the proper
place.  The second was not correctly stated in the
proper place, but the error is immaterial, for the sum
wrongly inserted there was the selling price, and the
correct amount was supplied by the recital of the con-
sideration.  Inasmuch as the certificates and the deed
were issued the same day the amount paid for the as-
signment was necessarily the consideration for the con-
veyance.  This consideration was given in a lump sum,
but as the taxes on the two tracts are shown to have
been equal, one-half of it applied to each.  Manifestly
the person who prepared the deed supposed it neces-
sary to show how much of the total consideration was
occasioned by the taxes of each year.  Using the statu-
tory form, he filled the blank left for the total price of
the certificate with the amount for which the property
was bid in.  In the blanks left for taxes subsequent to
the assignment he inserted what were evidently the
amounts charged as additional liens on the book of tax
sales for the year 1894, under the provision of the stat-
ute (Gen. Stat. 1901, § 7654), on account of the taxes
for each of the years 1894, 1895 and 1896.  These
blanks need not have been filled at all, but since they
were filled the other recitals of the deed are required
to be consistent with the information so furnished.
(*Price v. Barnhill,* 79 Kan. 93.)

The most serious defect in the deed is this:  A com-
putation of interest on the amount for which the prop-
erty was bid in, from the date of the sale, and upon
each of the amounts subsequently charged as additional
liens from the date of their entry in the book of tax
sales for 1894, gives $79.36 as the amount required to
redeem each tract on May 19, 1898.  One-half of the
consideration named in the deed is $78.97, so that it
appears the certificate on each quarter was assigned for

39 cents less than the amount that should have been paid. The question presented is whether a deed over five years old should be set aside for a variation of 39 cents in a total amount of $79.36. If the difference were the result of a failure to include a specific item required to be charged, however small it might be, its omission would avoid the deed. As the total is made up only of the amounts stated, with interest, the error is clearly one of computation. If the interest on each charge against each quarter is arrived at by computing the interest on $1 for the interest-bearing period, rejecting the fractions of a cent, and then multiplying this by the number of dollars in the item, carried out to two decimal places, the method will give $78.98 as the amount required to redeem each tract, or substantially what was actually paid—$78.97. We do not say that such a method of computation is justifiable, but the variation which it could produce in any case would necessarily be very small in comparison with the total amount involved—too small to require the avoidance of a deed that has been of record for over five years. Except for the deficiency of one cent, which may be regarded as unsubstantial, the case falls within the terms of the rule stated in *Troyer v. Beedy*, 79 Kan. 502, that for the purpose of avoiding such a deed "no amount should be considered as materially erroneous which can be arrived at . . . by rejecting fractions of a cent at any part of the computation." (Page 504.) The application of this rule would not have saved the deed in *Colline v. Jolley*, 79 Kan. 695, or in *Wilks v. DeHart*, 78 Kan. 217.

An objection is made to the deed that it describes the consideration as being the taxes, cost and interest for the year 1896. This description could not possibly be misleading, as the actual facts are shown by the more specific recitals. The language used may be interpreted as expressing the idea which it doubtless was

intended to convey—that the amount included all the taxes which in 1896 had accumulated against the land.

Objection is also made that the deed, having described two separate tracts, purports to convey only the one "last hereinbefore described." The form of the deed, however, takes it out of the rule of *Spicer v. Howe*, 38 Kan. 465, and brings it within that of *Cartwright v. Korman*, 45 Kan. 515.

A final objection is that the deed does not show that J. F. Simpson, who executed it, was the county clerk. Whatever ambiguity arises from the form of description employed—"J. F. Simpson, by A. Reeves, deputy county clerk"—is due to the punctuation, or to the lack of it. The insertion of a comma, which is permissible to aid interpretation, makes the meaning apparent—"J. F. Simpson, by A. Reeves, deputy, county clerk."

The judgment is affirmed.