A. R. KING, *Appellant,* v. CHARLES E. GIBSON *et al., Appellees.*

No. 16,785.

### SYLLABUS BY THE COURT.

1. TAX DEEDS—*Conveyance of Separate Tracts—Description of the Land.*   The case of *Spicer v. Howe*, 38 Kan. 465, holding that the expression "the real property last hereinbefore described" (p. 468), used in the granting part of a tax deed, included only one tract of several described in the deed, furnishes a rule of interpretation under the following conditions only:   The last description must be that of a single tract which is segregated from the others and described wholly apart from them for some independent purpose, and no

language must intervene between this description and the operative words of the grant which will extend the application of those words beyond that tract.

2. ———— *Same.* In the case of *Cartwright v. Korman*, 45 Kan. 515, three features of the deed considered were noted as indicating that all the lots described were conveyed. The lots were all sold to one person, they were all described together, and afterward they were spoken of together as "said property." But it is not necessary that all these features should be present in a tax deed to warrant the conclusion that all the land sold is conveyed by a grant of "the real property last hereinbefore described."

3. WORDS AND PHRASES—"*The Real Property Last Hereinbefore Described.*" The expression "the real property last hereinbefore described" was inserted in the statutory form of tax deed to designate the property sold as distinguished from the property exposed to sale, when the successful bid is for a less quantity than the whole tract, and to avoid repeating the description of the property sold. Such expression will be deemed to refer to the property sold, unless language be used which diverts it beyond doubt from the whole to some specific portion of such property; and any doubt that the whole is conveyed is removed by collective references to all the property immediately preceding the grant.

Appeal from Sherman district court. Opinion filed February 11, 1911. Affirmed.

*John Hartzler*, and *C. C. Perdieu*, for the appellant.

*E. F. Murphy*, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The only matter to be decided is whether the east half of the southeast quarter of section 20, in township 7 south, of range 39 west, in Sherman county, was conveyed by the following tax deed:

"KNOW ALL MEN BY THESE PRESENTS:

"That whereas each of the following-described parcels, tracts and lots of land, viz.: Number 1, the east half (E. ½) of the southeast quarter (SE ¼) of section twenty (20); number 2, the south half (S ½) of the southwest quarter (SW ¼) of section twenty-four; all in township seven (7) south, of range thirty-

nine (39) west of the sixth principal meridian, containing 160 acres more or less, according to the government survey, situated in the county of Sherman and state of Kansas, was, severally, subject to taxation for the year A. D. 1895; and whereas the taxes assessed upon each of said several parcels, tracts and lots of real property, respectively, for the year aforesaid, remained due and unpaid at the date of the sale hereinafter mentioned; and whereas the treasurer of said county did, on the first day of September, A. D. 1896, by the virtue of the authority in him vested by law, at the first day of the sale begun and publicly held on the first Tuesday of September, A. D. 1896, expose to public sale, at the county seat of said county, in substantial conformity with all the requisitions of the statute in such case made and provided, offering separately each of the said several parcels, tracts and lots as, in the regular course of said sale, it was reached in its turn, the real property above described, for the payment of the taxes, interest and costs then due and remaining unpaid upon each of the said parcels, tracts and lots of real property, respectively; and whereas, at the place aforesaid, neither of the said parcels, tracts and lots of property could be sold for the amount of tax and charges thereon, and each of them was, therefore, as they were severally and in due course, as aforesaid, offered for sale, bid off by the county treasurer for said county, for the whole amount of taxes and charges then due and remaining unpaid on each of the said parcels, tracts and lots of said property hereinbefore described and severally numbered, to wit: On the parcel, tract or lot in said description numbered 1, the sum of seven dollars and twenty-eight cents ($7.28) ; on that numbered 2, seven dollars and twenty-four cents ($7.24) ; and whereas, for the sum of fifty-eight dollars and sixty-five cents for said tract numbered 1, and for forty dollars and twenty-four cents for that numbered 2, and being as to each of said parcels, tracts and lots equal to the cost of redemption thereof at that time, paid to the treasurer of said county on the 5th day of March, A. D. 1902, the said treasurer did give to Frank Johnson of the county of ——— and state of ———, certificates of that date, as in such case provided by law, for and concerning each of the said parcels, tracts and lots, and the county clerk of said county did, on the same day, duly assign

to the purchaser aforesaid the said certificates of sale,
and all the interest of said county in said property;
and whereas, over three years have elapsed since the
date of said sale, and none of the said property has
been redeemed therefrom as provided by law, the said
unredeemed real property having been advertised and
notices given that it would be conveyed unless re-
deemed by a certain day named, said advertisement and
notice having been made in substantial conformity with
all the requisitions of the statute in such case made
and provided:

"Now THEREFORE, I, A. D. Rummel, county clerk of
the county aforesaid, for and in consideration of the
sum of ninety-nine dollars and twenty-six cents, taxes,
costs and interest due on said land for the year A. D.
1895, 1896, 1897, 1898, 1899 and 1900, to the treasurer
paid as aforesaid, and on presentation to me of the
certificate of sale, and by virtue of the statute in such
case made and provided, have granted, bargained and
sold, and by these presents do grant, bargain and sell
unto the said Frank Johnson, his heirs and assigns, all
of the real property last hereinbefore described, to
have and to hold, unto him, the said Frank Johnson, his
heirs and assigns, forever; subject, however, to all
rights of redemption provided by law."

It is argued, upon the authority of *Spicer v. Howe,*
38 Kan. 465, that the expression "the real property
last hereinbefore described" (p. 468) appearing in
the granting clause of this deed applies only to the
south half of the southwest quarter of section 24,
designated in the premises of the deed as tract No. 2.

The deed involved in the case of *Spicer v. Howe* was
a peculiar one. The preliminary recitals included de-
scriptions of twenty-eight distinct parcels of land.
All these parcels had not been subject to common
treatment in the course of the tax proceedings, which
the deed was obliged to recite. The certificates of
sale for some tracts had been assigned to the pur-
chaser of others. Subsequent taxes had been paid on
some tracts for certain years and on other tracts for
other years. Consequently it was necessary to in-
dividualize some of them. One tract was thus singled

out and twice specifically described just before the statement that there had been no redemption. In the succeeding granting portion of the deed this tract alone was again described, and the description was immediately followed by a grant of "the real property last hereinbefore described." The court held that there was no ambiguity in the language of the grant. The operative words being immediately preceded by the definite description of a distinct tract, wholly separate and apart from all others mentioned in the deed, there was no room for interpretation and the grant was limited to the tract last described.

Soon after this decision was rendered the court was afforded an opportunity to call attention to the very narrow scope of its application. The record in the case of *Cartwright v. Korman,* 45 Kan. 515, shows that the deed there under consideration opens with the recital that "the following described real property, viz., lots Nos. 24, 28, 30 and the south ½ of lot No. 22 on Harrison street, in the city of Topeka," were subject to taxation. The offer of the purchaser was "to pay the several sums of money, dollars and cents, respectively placed opposite each respective tract as follows: Lot 24 on Harrison street, in said city of Topeka, $3.26; lot 28 on Harrison street, in said city of Topeka, $3.17; lot 30 on Harrison street, in said city of Topeka, $3.41; the south ½ of lot 22 on Harrison street, in said city of Topeka, $1.68." After that the deed throughout refers to "said property" and "said land" until "the real property last hereinbefore described" is granted. It was claimed that, according to *Spicer v. Howe,* 38 Kan. 465, the grant included the south half of lot 22 only. The court said:

"We do not think the present case is ruled by the one cited. In that case there was in the granting clause a single and independent tract of land which was specifically described, wholly apart from any other description, and it was held that the property

3—84 KAN.

'last hereinbefore described' referred alone to that description. In the present case all four of the lots are described together, and in the subsequent recitals of the deed all four lots are referred to as 'said property' and 'said land.' As they were all sold to a single person, and as they stand described together in the deed, and as all are afterward spoken of together as 'said property' in the recitals relating to assignment and redemption, we think the phrase in the granting clause, 'the real property last hereinbefore described,' fairly includes all of them, and the deed effectually conveys all." (45 Kan. 519.)

In view of this decision it can not be doubted that two conditions must exist before the rule in *Spicer v. Howe* can be invoked. The last description must be that of a single tract, which is segregated from the others and described wholly apart from them for some independent purpose, and nothing must intervene between this description and the operative words of the grant which will extend the application of those words beyond that tract.

The opening statement of the deed now in controversy relates to the fact of land being subject to taxation. Two tracts are described, without any purpose to discriminate between them. For convenience they are numbered 1 and 2, and nowhere else in the deed is a full description of either extended. The succeeding recitals respecting assessed taxes remaining due and unpaid, exposing to sale, the method of offering for sale, inability to sell and bidding off by the county are framed to cover both tracts, without distinction. It was necessary to state the sale prices and the amounts for which the certificates were assigned separately, and this is done by referring to each tract by its number. From this point to the operative words of the granting clause expressions are used which include all the land which had been previously mentioned:

"Did give . . . certificates of that date as in such case provided by law for and concerning each of the said parcels, tracts and lots."

"Did . . . assign . . . the said certificates of sale and all the interest of said county in said property."

"None of the said property has been redeemed."

"Said unredeemed real property having been advertised and notices given that it would be conveyed."

"For and in consideration of the sum of ninety-nine dollars and twenty-six cents taxes, costs and interest due on said land."

It is apparent at a glance that there is no similarity between this deed and the one considered in the case of *Spicer v. Howe,* 38 Kan. 465, and that decision can not be a guide in the solution of the present controversy. In looking backward from the phrase "the real property last hereinbefore described," to ascertain what real estate is meant, a number of inclusive references to both tracts are immediately encountered, and when descriptions in the technical sense of the term are reached the two are given cumulatively, the purpose being to keep them separate but not to discriminate between them.

In the case of *Cartwright v. Korman,* 45 Kan. 515, three features of the deed considered were noted as indicating that all the lots described were conveyed. The lots were all sold to one person, they were all described together, and afterward they were spoken of together as "said property." All these distinguishing marks appear in the deed now under examination, but all of them are not necessary to an interpretation of the instrument. The first is quite unimportant. The second places the meaning beyond doubt, but the last one amply warrants the conclusion that all the land mentioned in the deed was conveyed. In the case of *Gibson v. Shiner,* 74 Kan. 728, the rule recognized by the second paragraph of the syllabus is that where several tracts are included in the same tax deed the phrase in the granting clause "the real property last hereinbefore described" will be interpreted as including all of them, where it follows recitals in which they

are collectively referred to as "said property." This rule was applied in the case of *Milburn v. Beaty,* 81 Kan. 696.

The narrative part of a tax deed is designed to show that the tax proceedings have culminated to the point of conveyance, and this showing is usually made indifferently for all tracts embraced in the deed. The phrase "the real property last hereinbefore described" was employed in the statutory form for tax deeds to designate the property sold as distinguished from the property exposed to sale, when the successful bid is for a less quantity than the whole tract, and to avoid repeating the description of the property sold. Confusion may sometimes result when numerous tracts of land not subject to uniform proceedings are included in a single deed, but the phrase in question will be considered as pointing to its original object, the property sold, unless language be used which diverts it beyond doubt from the whole to some specific portion of such property. Any doubt that the whole is conveyed is removed by collective references to all the property immediately preceding the grant.

If it were necessary to a decision it could be pointed out that the deed in the present case undertakes to convey "all" the real property last described. The word "all" is used in a collective sense, indicating a number of tracts. Taken in connection with the general expressions "said land," "said real property" and the like, already adverted to, it performs much the same office as the words "each and every separate tract and parcel," contained in the deed involved in the case of *Gibson v. Kueffer,* 69 Kan. 534. If, however, the word "all" were omitted the grant would not be diminished.

It is argued that only tract No. 2 was conveyed because the granting portion of the deed premises the presentation of "the certificate of sale" to the county clerk. The same recital occurs in the deed assailed in

the case of *Milburn v. Beaty*, 81 Kan. 696. No certificate is identified, the language used can not be referred to either tract in preference to the other, and it is otherwise clear beyond doubt that the purpose was to convey both tracts.

The judgment of the district court is affirmed.