## Penney's Estate. Smith's Appeal.

*Will—Distribution—Per capita.*

Testator directed the residue of his estate to be " distributed share and share alike to the following persons, if they are living at the time of my death, namely: To my sister Martha, one share, and to my step-daughter, Olive, one share, and to each of my nephews and nieces then living, one share." *Held,* that the estate should be distributed to the sister, step-daughter and nephews and nieces per capita.

Argued Nov. 10, 1893. Appeal, No. 299, Oct. T., 1893, by Olive J. Smith, a legatee, from decree of O. C. Allegheny Co., March T., 1893, No. 54, sustaining exceptions to adjudication of account of Thomas Penney, deceased. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Exceptions to adjudication.

From the record it appeared that Thomas Penney died on June 18, 1891, leaving a will by which he directed as follows:

" Sixth. I will that all other real estate or property I may have at the time of my death shall be converted into cash, and that the balance that shall remain of my estate after paying the above named legacies and funeral expenses, and for a tombstone or a monument, shall be distributed share and share alike to the following persons, if they are living at the time of my death, namely: To my sister, Martha J. Houghton, one share, and to my step-daughter, Olive J. Smith, one share, and to each of my nephews and nieces then living one share."

The auditing judge divided the residue of the estate into three parts, and distributed one third to Martha J. Houghton, one third to Olive J. Smith, and one third to the nephews and nieces. Exceptions to the adjudication were sustained, and a decree entered distributing the estate amongst Martha J. Houghton, Olive J. Smith, and the nephews and nieces per capita, in an opinion by OVER, J.

*Error assigned* was above decree, quoting it.

*James Fitzsimmons, L. K. Porter* with him, for appellant, cited: Osburn's Ap., 104 Pa. 637; Risk's Ap., 52 Pa. 269; Young's Ap., 83 Pa. 59; Baskin's Ap., 3 Pa. 304; Minter's Ap., 40 Pa. 111.

*George E. Shaw*, for appellee, cited: Anderson's Law Dict., " Each; " Bender's Ap., 3 Grant, 210.

OPINION BY MR. JUSTICE MITCHELL, December 30, 1893:

The words of the will are " shall be distributed share and share alike to the following persons, if they are living at the time of my death, namely: to my sister M. one share, and to my step-daughter O. one share." So far the indication clearly is of a distribution per capita. The other distributees in the testator's mind were his nephews and nieces. Had he mentioned them as a class, " nephews and nieces then living one share," he would undoubtedly have changed the presumption to be drawn up to this point and have indicated a division per stirpes. But as if to avoid this very result he inserts the domi-

nant word "each," and makes the bequest, "and to each of my nephews and nieces then living one share." The grammatical meaning of this clause of the sentence does not admit of question. The word "each" separates the class into individuals and is equivalent to the detailed enumeration, "to A. one share, to B. one share, to C. one share" etc., for which it was a compendious summary. As well said by the learned court below, had the testator, after directing distribution share and share alike to the following persons, then "designated all of the legatees by name there would be no room for doubt that he intended a per capita distribution." But by the use of the word "each" he did in effect designate them all individually, as plainly as if he had inserted their several names.

This being the clear grammatical effect of his words, it must prevail, unless there is apparent elsewhere in the will, a different intent. This we do not find. The appellant seeks to show such intent by showing a difference in the classification of the beneficiaries with reference to the time of distribution, that to the sister and stepdaughter being directed "if they are living at the time of my death," while that to the nephews and nieces is to those "then living," which, appellant argues, means living at the time of distribution, after payment of prior legacies, funeral expenses, etc. This construction would hardly afford sufficient evidence of a different intent, on which to set aside the plain meaning of the other words, but in fact it cannot be sustained. The whole distribution in this clause of the will is to be "after paying the above named legacies and funeral expenses" etc., and it is to be "To the following persons if they are living at the time of my death," namely the sister, the stepdaughter, and the nephews and nieces. They are all classed together to be living at the time of testator's death, and the additional phrase in regard to "each of my nephews and nieces then living one share," so far from indicating that they are to take as a class, emphasizes their separate and individual character by the stipulation that each one who is to take shall be then living.

The cases cited by appellant do not afford us much light. Precedents in construing the language of wills, except as to technical or quasi technical phrases in the creation of trusts, or the limitation of estates, where they tend to become rules of

property, are of little value. The same words may be used by different testators, and yet in their context or their connection with other parts, they may have widely different meanings. Wills like contracts must be read according to the intent of their makers, and rules of construction are useful only as aids to the ascertainment of the actual meaning. When that is clear, no rule or method of construction can be permitted to override it.

A few words however may be said in reference to the cases cited: Minter's Appeal, 40 Pa. 111, is really in favor of the appellee, for, though a distribution "share and share alike among the children of A. and the children of M. and to my sister B." and "That said B. and the children of my said brothers A. and M. shall have the residue of my estate, share and share alike," was held to mean a division per stirpes, it was on the ground that the two phrases being somewhat conflicting left the intent in doubt, and therefore weight was given to the rule of the statute of distributions, and the court added significantly for our case, "If he meant that his nephews should be each equal to his sisters, the word *each* would have made his meaning clear."

In Baskin's Appeal, 3 Pa. 304, testator directed his estate to be "equally divided between all the heirs," and the court held this to mean per stirpes, because the testator had in mind the intestate laws for the ascertainment of the persons to take, and it would therefore be presumed that the quantum of each was to be ascertained in the same way.

In Young's Appeal, 83 Pa. 59, a direction that an estate after his wife's death, "be equally divided between her relations and mine," and in Osburn's Appeal, 104 Pa. 637, the remainder "to be equally divided between the heirs of the said Henrietta . . . . and the said Harry, each to share and share alike," were held to mean a distribution by classes, upon the ground that such was the testator's intent, and in reaching that view, weight was given by the court to the use of the word "between" which grammatically suggests two objects only. We do not find anything in any of these cases that changes the view we have taken of the natural and proper meaning of the will under present consideration.

Decree affirmed at costs of appellant.