LAMAR *et al.*, executors, *v.* LAMAR, executor, and *vice versa.*

It is competent for a testator, in a subsequent item of a will, to impose restrictions and limitations upon a bequest made in a former item; and in the present case this was done in clear and unambiguous language.

MARCH 2, 1912. REHEARING DENIED ON THE SAME DATE.

Equitable petition. Before Judge Felton. Bibb superior court. December 19, 1910.

Mrs. Jack Lamar and Henry J. Lamar Jr. (hereinafter called the Third) brought their petition, alleging that they were the executrix and executor, respectively, of the last will and testament of Henry J. Lamar, deceased (called the Second), and praying for an accounting against Walter D. Lamar as executor of Henry J. Lamar Sr. (referred to in the petition as the First). It is alleged in the petition, that the defendant, as executor aforesaid, is in possession of certain shares of stock which had been bequeathed by the third item of the will of Henry J. Lamar Sr. (the First) to Henry J. Lamar Jr. (the Second) in fee simple, and that petitioners are

entitled to the possession of the stock so bequeathed, and certain dividends and profits arising therefrom. It appears from the answer filed in the case that the executor of Henry J. Lamar the First differs with the petitioners in their construction of the will of this testator, insisting that the shares of stock referred to in the third item of the will were not bequeathed to the legatee named in that item in fee simple, but that the bequest was affected by certain restrictions and limitations appearing in another item of the will. The portions of the will material to a consideration of the issues in the case are as follows:

"Item 1st. I devise and bequeath unto my son, Henry J. Lamar Jr., in trust for my grandson, Henry J. Lamar Washington," certain property, describing it. "The income and interest of the money and property herein bequeathed, as well as that arising from the aforesaid residence lot in Nashville, Tennessee, or so much thereof as may be necessary, is to be used by said trustee for the support, maintenance, and education of my said grandson during his minority, provided he remains, and only so long as he remains, under the control and influence of, and is domiciled with my immediate family, or some member thereof; but in the event my said grandson should be removed beyond the limits of the State of Georgia, or should otherwise be taken from the control and influence of my said immediate family, or some member thereof, or his domicile be changed therefrom, said income, interest, and profits shall no longer be applied to his support, maintenance, and education, and all of said income, interest, and profits not expended by reason of the directions aforesaid shall not pass with the money and other property herein bequeathed to him, but shall revert to and become a part of my estate for equal distribution amongst my children, as hereinafter directed." Here follow certain directions about the property so bequeathed. The item closes thus: "Having received by due transfer all the parental powers of his father over my said grandson, I hereby appoint Henry J. Lamar Jr. guardian of his person; and in the event of his failure or inability to act, I appoint Walter D. Lamar such guardian in his stead. The bequest of the Lamar & Rankin Drug Company stock, the 'S. S. S.' (Swift's Syphilitic Specific) Company stock, and the Bradfield Regulator stock, herein made, is subject to the restrictions hereinafter imposed by a subsequent item of this my will. Should Henry J. La-

mar Jr., from any cause, be unable to act as trustee for my said grandson, then I appoint Walter D. Lamar trustee in his stead, with all the powers herein conferred upon Henry J. Lamar Jr., as trustee.

"Item 2nd. I will and direct that all the residue of my estate, of whatsoever the same may consist and wheresoever the same may be situated, shall be divided into six equal shares or parts, and shall be disposed of as follows: each legatee, however, to account for such advancements as have heretofore or may hereafter be made, as stated in subsequent clauses of this will, but without liability for interest thereon.

"(A) To my son, Walter D. Lamar, one such sixth equal share, which I direct shall consist, in part, of all my land," etc., giving him also stock in all of the corporations before named. This paragraph closes in the following language: "The bequest of the Lamar & Rankin Drug Company stock, the ' S. S. S.' . . Company stock, and the Bradfield Regulator stock is, however, subject to the restrictions hereinafter, in a subsequent item of this will, imposed.

"(B) To my son, Henry J. Lamar Jr., in trust for my daughter, Valeria McLaren, I give one other sixth part of my estate, consisting, in part, of" certain property, real and personal, including stock in the corporations already mentioned. "The aforesaid property to be held by the said Henry J. Lamar Jr., in trust for my said daughter, for and during her natural life, and, at her death, for such child or children as she may leave surviving her, by her present or any future husband, share and share alike; with the power to her trustee to advance, with her consent, such sums to each child that may be born to her, if any, as may be reasonable, upon the marriage of such child or children, or upon their arrival at the age of twenty-one years; the said trustee to pay over to my said daughter the income arising from the aforesaid property as the same may come into his hands. In the event of the death of my said daughter, leaving no child or children, she is hereby invested with power to dispose of one half of the aforesaid property by will to any person she may choose; this right of disposition by will being, however, restricted to the exercise of this right over the aforesaid property, other than the eighty shares of Lamar & Rankin Drug Company stock, the seven shares of 'S. S. S.' . . .

Company stock and the ten shares of Bradfield Regulator stock, the power to dispose of which by her will being hereby withheld; the other half of said property to revert to my estate. In the event my said daughter should die leaving no child or children, and without making a disposition of any of said property by will, then the whole of it is to revert to my estate and become a part thereof." After giving certain directions, this paragraph closes as follows: "The bequest herein made of the Lamar & Rankin Drug Company stock, the 'S. S. S.' . . Company stock, and the Bradfield Regulator stock is subject, however, to the restrictions hereinafter, in a subsequent item of this my will, imposed.

"(C) I give to my daughter, Mrs. Fannie L. Rankin, in trust for herself and children, one other sixth part of my estate, consisting, in part, of" certain stock in the corporations already named above. The testator gives her the power of making certain advancements to her children, and directs how the same shall be accounted for, and closes this paragraph with the following words: "The bequest of the Lamar & Rankin Drug Company stock, the 'S. S. S.' . . Company stock, and the Bradfield Regulator stock, herein made, is subject, however, to the restrictions hereinafter imposed by a subsequent item of this my will.

"(D) I give and bequeath to my son-in-law, Eli S. Shorter, one other sixth part of my estate, to be held by him in trust for my daughter, Wilena Shorter, for and during her natural life, and, at her death, to her children, share and share alike, said one-sixth part consisting of" shares of stock in the corporations before named. The testator then provides for advancements to her children, and directs how the same shall be accounted for, closing this paragraph with these words: "The bequest herein made of the Lamar & Rankin Drug Company stock, the ' S. S. S.' . . Company stock, and the Bradfield Regulator Company stock is, however, subject to the restrictions hereinafter, by a subsequent item of this my will, imposed.

" (E) As a part of one other sixth share of my estate. I give and bequeath to my son, Walter D. Lamar," certain described property, real and personal, including stock in all of the corporations before named, "in trust for my son, J. T. Lamar. . . This bequest of the Lamar & Rankin Drug Company stock, the 'S. S. S.' . . Company stock, and the Bradfield Regulator stock, however, is sub-

ject to the restrictions hereinafter imposed by a subsequent item of this my will. The income from all of the aforesaid property is to be applied to the maintenance of said J. T. Lamar, and the remainder of the said income, after the application of so much thereof as may be necessary for his support and maintenance, I direct shall be, by the said trustee, distributed amongst his children in equal shares. At his death, I desire and direct that the aforesaid property, as well as the income that may remain on hand, shall vest in and become the property of his children, share and share alike. As a part of this one-sixth share, I give to my daughter-in-law, Mrs. Julia Lamar, for and during her natural life," a certain house and lot, and at her death or upon her marriage the same to pass to and become the property of the children of J. T. Lamar. " The remaining part of this one-sixth share of my estate, that is to say, one-sixth part, less the property herein bequeathed to Walter D. Lamar, as trustee for J. T. Lamar, and the house and lot bequeathed to Mrs. Julia Lamar, I give and bequeath to my son, Henry J. Lamar Jr., in trust, to hold and manage for the benefit of such children as my son J. T. Lamar now has, or may hereafter have born to him, by his present or any future wife, a portion of said remaining part consisting of " certain shares of stock in all the corporations already above mentioned. The testator then says: " The bequest of the Lamar & Rankin Drug Company stock, the ' S. S. S.' . . Company stock, and the Bradfield Regulator stock is, however, subject to the restrictions hereinafter and in a subsequent item of this my will imposed." The testator then provides for successors in trust for J. T. Lamar and his children.

"Item 3rd. I give and bequeath to my son, Henry J. Lamar Jr., one other sixth part of my estate, consisting, in part, of seventy-five shares of Exchange Bank stock, if not disposed of by me before my death; and if so disposed of, then seven thousand and five hundred dollars in cash, in lieu thereof; also eighty shares of Lamar & Rankin Drug Company stock, seven shares of ' S. S. S.' . . Company stock, ten shares of Bradfield Regulator stock, and twenty-five shares of Albany Drug Company stock, subject, however, to advances of thirty-nine thousand and one hundred and fifty dollars, which I have heretofore advanced to him, to have and to hold the same in his own right, for himself and his heirs forever.

"Item 4th. I desire and direct that all the shares of stock of the

Lamar & Rankin Drug Company, the ' S. S. S.' . . Company, and the Bradfield Regulator Company, herein devised under the preceding items and paragraphs of this my will, shall be held· by my executors, hereinafter named, until the first day of January in the year of our Lord nineteen hundred and twenty-five, at which time, and not until then, I direct that said stock be distributed amongst the legatees mentioned in items ' one ' and ' three,' and paragraphs (A), (B), (C), (D), and (E) of item ' two,' as in each of said items and paragraphs directed; the dividends arising from all of said stocks up to the first day of January, 1925, to be divided in the following manner, to wit: The dividends and profits arising from said Lamar & Rankin Drug Company stock shall be distributed to each of said legatees annually and within eight months after they are declared by said Company in the proportion as said stock is herein bequeathed to each legatee in said items and paragraphs of this my will and testament; and the dividends and profits arising from the Swift's Syphilitic Specific Company stock shall in like proportion be distributed to each of the legatees in said items and paragraphs mentioned, whenever and as often as the same shall amount to ten thousand dollars; and the profits and dividends arising from the Bradfield Regulator Company stock shall in like proportion be distributed to each of the legatees in said items and paragraphs mentioned, whenever and as often as the same shall amount to five thousand dollars. The corpus and the income herein provided for to be subject to the same uses, trusts, and limitations as is provided for respectively in item first and paragraphs (B), (C·), (D), and (E) of this my will and testament; provided, however, that if any of the legatees, to whom the same is devised, shall die before the first day of January, 1925, leaving no child or children, the income and dividends from the said stocks so bequeathed to such legatee, as well as the stock, shall revert to and become a part of my estate to be distributed amongst my surviving children in equal shares. The excess of said stocks or shares which I may own at my death, over and above the number hereinbefore specifically devised, I direct also shall be held by my executors until January the first, 1925; the dividends and profits arising therefrom to be distributed amongst my children at the times above designated in this item, and in the proportions as each may hold said stock; the said stocks and dividends therefrom to be subject to the same

uses, trusts, and limitations as is provided for in paragraphs (B), (C), (D), and (E) of this my will. In the event of the death of any one of my children before January the first, 1925, leaving no child or children, then his or her share of this stock, as well as the dividends, shall revert to my estate to be distributed amongst my surviving children, share and share alike."

Upon the trial of the case the jury returned a verdict for the defendant, and further found that the defendant was entitled to the control and custody of all certificates of stock of the estate of Henry J. Lamar Sr., deceased, which were in the possession of the testator, Henry J. Lamar Jr. (the Second), at the date of the latter's death. The court entered up judgment accordingly, and further decreed that "the legacy of Henry J. Lamar 2nd, in and to the three stocks mentioned in the petition, that is, the special legacy in item three of the will of Henry J. Lamar 1st, as well as the legacy of the excess shares as shown in paragraph four of said will, has reverted to the estate of said H. J. Lamar 1st, to be divided among the other children of H. J. Lamar 1st, as provided in said will and under the terms of said will, said Henry J. Lamar 2nd, and his heirs, administrators, executors, and assigns, being excluded from the division of said reversion, which excluded both corpus and dividends." The plaintiffs made a motion for a new trial, which the court overruled, and they excepted. The defendant, by cross-bill of exceptions, assigned error upon the exclusion of certain documentary evidence offered by him at the trial.

*Guerry, Hall & Roberts,* for plaintiffs.
*Hall & Hall,* for defendant.

BECK, J. (After stating the foregoing facts.) An examination of the will of the testator will show, that, relatively to the stock in three specified companies, a common purpose or scheme pervaded the entire will, in the respect hereafter mentioned. Certain shares of this stock were left to the legatees. As to some of these, there were trusts or limitations over, and it was also specified that the bequest as to the stock was subject to a restriction stated in a later item of the will; and similar language as to a limitation was used in regard to another distributive share, where there was no trust. By the third item a share in the estate was left to a son. This included stock in the same three companies. Here there was no declaration of a trust or remainder over, and no specific reference

made to a future item. Then followed item 4. This began with the following words: "I desire and direct that all the shares of stock of the Lamar & Rankin Drug Company, the 'S. S. S.' (Swift's Syphilitic Specific) Company, and the Bradfield Regulator Company, herein devised under the preceding items and paragraphs of this my will, shall be held by my executors, hereinafter named, until the first day of January in the year of our Lord 1925," when a distribution should take place. It is beyond controversy that this language was sufficiently broad to cover the shares of stock in the three companies mentioned which had previously been bequeathed to all of the legatees, including those which had been bequeathed to the son absolutely, as well as those which had been bequeathed to others incumbered with a trust or remainder. Therefore item four began by dealing with all the shares of stock in those three companies, which had been bequeathed, and not merely some of them. It was then declared, that, at the date mentioned, the stock should be distributed among the legatees mentioned in items one and three and paragraphs (A), (B), (C), (D), and (E) of item two, as in each of said items and paragraphs written. It could not have been the purpose of the testator, by this language, to limit the retention of stock until the date mentioned merely by saying that, when it should be divided, it should be distributed as written in previous items and paragraphs of the will. After providing for divisions of dividends and profits arising from the stock in the interval, the item then declared: "The corpus and income herein provided for," etc. What corpus and income was "herein provided for"? Obviously it included all of the shares of stock in the three named companies previously mentioned, for, as stated above, the item is careful to cover and provide for all such shares dealt with in any preceding item of the will. Therefore, when the expression, "the corpus and income herein provided for," was employed, it could not be restricted to anything less than all the shares in those companies which had previously been provided for. Omitting for the moment the reference to the uses and trusts applicable to some of the distributive shares, the item then proceeds: "provided, however, that if any of the legatees, to whom the same is devised, shall die before the first day of January, 1925, leaving no child or children, the income and dividends from the said stocks so bequeathed to such legatee, as well as the stock, shall re-

vert to and become a part of my estate to be distributed amongst my surviving children in equal shares." What is the meaning of the words, "if any of the legatees, to whom the same is devised"? The same as what? Unquestionably the same as something which had preceded,—the same stock as that which had been mentioned, or as to which provision had been already made in that item. As has been seen, there had been a provision and reference so made to all of the stock in the three companies which had been bequeathed in previous portions of the will. What, then, could the same stock mean, except all of the stock which had been so bequeathed? To be the same it must be all, not a part, of whatever those words refer to. It can not be held that the statement, "the corpus and income herein provided for to be subject to the same uses, trusts, and limitations as is provided for in item first, and paragraphs (B), (C), (D), and (E) of this my will and testament," operated to limit the other provision for a reversion of the stock to only so much of it as had been made subject to certain uses, trusts, and limitations in the previous item and paragraphs mentioned. The testator was preserving and carrying forward the uses, trusts, and limitations respectively applicable to certain distributive shares. But by so doing he did not cut down the amount of the stock dealt with in item four from the whole to only a fractional part, or destroy the express provision for a reversion, applicable to all the stock.

This construction is further borne out by the fact that there was an excess of shares in the three companies beyond those which had been specifically bequeathed in previous items of the will. In the item which is now under consideration the testator undertook to deal with this excess, thus showing that he had in view, in making this item of the will, the entire stock in these three companies, first, that which he had previously bequeathed specifically, and second, all the excess of stock in those companies which he might own and which he had not previously specifically dealt with. In other words, the fourth item of the will shows an intent on the part of the testator to deal with the stock in these three companies entirely and in accordance with a general testamentary purpose in the respect mentioned. In that portion of the item which deals with the excess of the stock it was provided, that, "in the event of the death of any one of my children before January 1, 1925, leaving no

child or children, then his or her share of this stock, as well as the dividends, shall revert to my estate to be distributed amongst my surviving children, share and share alike." In this connection again the testator mentioned the trusts and limitations previously created as to certain shares of the estate, and, in pursuance of the general scheme in that regard, said: "the said stock and dividends therefrom to be subject to the same uses, trusts, and limitations as is provided for in paragraphs (B), (C), (D), and (E) of this my will." It can not be successfully contended that, by this reference, the testator intended to limit the provision for distribution of the excess, so as to make the clause as to a reversion apply to only a part of such excess.

So that, construing the fourth item as a whole, the references to the uses, trusts, and limitations expressed in other items neither limited the amount of stock dealt with in that item, nor the general provision (applicable to all of the stock so dealt with) that upon the death of a legatee prior to the date fixed for distribution, leaving no child or children, the stock applicable to that share should revert to the estate and be distributed among the testator's surviving children in equal shares. This construction gives to the will a consistent testamentary scheme as to these stocks. The construction which would exclude from the reversionary provision the bequest of stock in the companies to the son, contained in the third item of the will, would attribute to the testator inconsistency, and lack of harmony in intent as to these stocks. Carrying out the same general purpose, by item six it is provided, that, should any of the property "herein bequeathed" revert to the estate, it should "be divided equally amongst my surviving children." He again adds, "to be held for such uses and trusts and with the same restrictions and limitations as attach to the legacies herein bequeathed to such children."

If the construction which we have thus placed upon item four is a correct one, it is evident that it must be construed with and modifies the broad language employed in the third item, which gave absolutely some of these stocks to one of the testator's sons. A testator unquestionably has the power, after having given, in one item of his will, a bequest to a legatee for himself and his heirs forever, to attach a condition, by a later item, under which the property will revert upon a certain contingency. If the contingency

did not happen, the legatee would have an absolute title. If it did happen, there would be a reversion. The question is not can he do it, but has he done it. We think that the testator has by the fourth item expressly provided for a reversion applicable to this distributive share as well as to others. The decree of the court was in accordance with what is ruled above.

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur, except Hill, J., not presiding.*