BRADLEY et al. v. BRADLEY.

1. It being apparent from the provisions of the will, and especially from the last item thereof relating to the ultimate division of the testator's estate, that the testator did not intend that there should be any division of the corpus of his estate until all of his grandchildren had attained the age of 21 years, it was error not to sustain a demurrer which properly presented this objection to the plaintiff's petition. The demurrer should have been sustained and the petition dismissed, because it failed to set forth any cause of action.

2. Properly construed, the word "each," as used in the eleventh item of the will, has no meaning which is consistent with all the other provisions of the will upon the same subject, other than the word "all." Words draw their real meaning from the context and the adjustibility of their definition to their surroundings,— the picture changes as the kaleidoscope is shaken. "A word is not a crystal,

transparent and unchanged; it is the skin of a living thought and may vary greatly in color and content according to the circumstances and time in which it is used."

No. 3548. September 29, 1923.

Equitable petition. Before Judge Malcolm D. Jones. Bibb superior court. December 9, 1922.

John Huron Bradley brought a petition against W. J. Bradley as executor and individually, and Otis Bradley, alleging in substance the following: W. J. Bradley is the executor of the last will and testament of John W. Bradley, deceased. Petitioner, who became of age in November, 1921, is the only child of Dr. John Henry Bradley, deceased, who was a son of the testator, John W. Bradley. The will of John W. Bradley was duly probated in solemn form in the court of ordinary of Bibb County at the May term, 1913: W. J. Bradley duly qualified as executor, and letters testamentary were regularly issued to him, and he has since acted and is still acting as such executor. By his will John W. Bradley, after making certain specific bequests, bequeathed and devised to his three sons, Henry, Joseph, and Otis Bradley, all the rest and residue of his estate. It was provided in said will that the testator's three named sons were to have and enjoy and possess the property devised to them only for and during their natural lives, and after their death the same should go to and vest in their children, share and share alike, the children of the same sons mentioned, each, upon the death of the father, to have a one-third interest in remainder of all of said property, and that none of the property should be sold, conveyed, encumbered, or divided until the remaindermen each should become 21 years of age; the will reciting that it was the purpose of testator to give to his sons a life-estate in the income, profits, rents, or interest derived from his estate, and at their death, or either of them; their children should take a fee-simple title in remainder. It was further provided in the eleventh item of the will that when each of the children of the testator's three sons reached twenty-one years of age, then all restrictions and limitations on his estate were to be removed, and their interest and title was to be absolute and subject to sale or division, as they might determine. The will further provided that the property devised and bequeathed to the three sons should be held by the executor, who was given power to make certain investments, and was directed to collect the rents, issues, and profits

and to pay over the same to the legatees annually. The property passing under the will consists of certain city property in Macon, certain farm property, and some cash and mortages. W. J. Bradley, the executor, has collected the rents, issues, and profits arising from the property, and has made payments from time to time as required by the will to the legatees; but no final accounting or settlement has been made by the executor with the legatees. Petitioner is the only child of his father, one of the three sons named in item 5 of the will; and having reached the age of twenty-one years, he is entitled to have his interest and share in the estate set apart to him, and to take charge of his interest, free of all limitations and restrictions, in the property passing under the will to him in fee simple. The executor declines to recognize the right of petitioner to a division of the property, insisting that the property is to be held by the executor until the death of the three legatees, the sons of the testator, and until the arrival at majority of the youngest child of any of said sons; and the executor refuses to make a division of the property. The prayers are, that the property belonging to the estate and in the hands of the executor be divided in kind, that petitioner's one-third interest be set apart to him, and that he be authorized to take charge of his share as his own individual property without restriction or limitations of any kind, or, if it be found impracticable to divide the property in kind without lessening the value thereof as a whole, that the property may be sold and the proceeds divided, and that petitioner receive one third of the proceeds as his individual property; that an accounting be had with the executor, and that petitioner have judgment against the executor for the amount found to be due him. There was also a prayer for process and general relief.

A copy of the will is attached to the petition. After making some special bequests, item 5 of the will provides as follows: " I give and bequeath unto my sons, Henry, Joseph, and Otis Bradley, all the rest and residue of my estate, as set out hereinafter, subject to the restrictions, limitations, and conditions mentioned; said property consisting at this time as follows: . . Said sons are to have and enjoy and possess said property only for and during their natural lives, and after their death the same shall go to and vest in their children, share and share alike, the children of

said sons mentioned, each, upon the death of the father, to have a one-third interest in remainder in all of said property; and none of said property, except as hereinafter set forth, shall be sold, conveyed or encumbered, or divided until the remaindermen each shall become 21 years of age. It being my purpose to give my sons a life-estate, and at their death, or either of them, their children shall inherit a fee-simple title in remainder, with the limitations as to a sale or division as mentioned and in manner and form as hereinbefore set forth. . ." Item 11 provides that "When each of the children of my three sons reach 21 years, then all restrictions and limitations on my estate are to be removed, and their interest and title to be absolute and subject to sale or division as they may determine. . ."

The defendants demurred specially to the petition, on the ground that "it is not alleged therein whether or not W. J. Bradley and, or, Otis Bradley have children, remaindermen under said will, nor whether such remaindermen, if any there be, are more or less than 21 years of age." They demurred generally on the grounds that no cause of action was set out; that petitioner was not entitled to the relief sought; and that he is not entitled to have his interest in the estate set apart to him. The trial judge overruled each and all of the grounds of the demurrers. To this judgment the defendants excepted.

*Patterson & Copeland* and *Hall, Grice & Bloch,* for plaintiffs in error.

*R. N. Hardeman* and *Jones, Park & Johnston,* contra.

RUSSELL, C. J. (After stating the foregoing facts.)

1. Upon a motion for a rehearing the court is of the opinion that the judgment previously entered in this case should be vacated and set aside, and that the judgment of the trial court in overruling the demurrer to the plaintiff's petition was error and should be reversed. Counsel for plaintiff in error stress the point that the provisions of the eleventh item of the will are entitled to the weightier consideration in determining the wish and intention of the testator, because it is the testator's "last word" upon the subject here involved. Counsel for defendant in error urge, in support of the judgment of the lower court, the equally well-recognized principle that the intention of the testator is to be ascertained by a consideration of each and every portion of the testament — everything within the four corners of the paper. We

think both principles are applicable in the case sub judice. The fact that the last expression of the testator in item eleven fixes the time when "all restrictions and limitations on my estate are to be removed" would make what is said in that paragraph controlling if there were conflicts between the provisions of the eleventh item of the will and any preceding portion thereof. Civil Code, § 3922; *Rogers* v. *Highnote,* 126 *Ga.* 740 (56 S. E. 93); *Lamar* v. *Lamar,* 137 *Ga.* 734 (73 S. E. 1057). But in our opinion the eleventh item of the will, when properly construed, is not in conflict with any previous provision of the will, and properly construing the eleventh item in the light of all that is said in the will, there is no uncertainty, inconsistency, or ambiguity which beclouds the clear intention of the testator. So far as pertinent to the point before us, the eleventh item of the will is as follows: "When each of the children of my three sons reach 21 years, then all restrictions and limitations on my estate are to be removed, and their interest and title to be absolute and subject to sale or division as they may determine." Considering the word "each" not only in connection with its immediate context as the word is used in item eleven, but examining the meaning of the word as its proper definition is disclosed in accordance with the intention of the testator in other portions of the will, we have no doubt that it was the intention of the testator that there should be no division of his estate until all of the children of his three sons should reach twenty-one years. In the first place, had the testator intended that each of his grandchildren so entitled have a division of his estate as he or she became twenty-one years of age, he would not have used the word "they" in the fourth line of that item, but would have used the word "he" or "she," unless he had been certain that he would never have a granddaughter, in which event he would have used the word "his." The testator would not have used the word "they" near the conclusion of the item if the word "each" had been used in a different sense, but would have again said "he" or "she" or "he and she." What the plaintiff in the lower court desires to have done is to subject the estate of his grandfather to sale or division, and no one of the grandchildren can comply with the requirements of the will for "sale or division as *they* may determine," unless it follows as night the day that the testator intended that there should be a sale and resale, a division and re-

division, every time one of his grandchildren became twenty-one years old, if the father of such grandchild should die. We think it plain that the use of the plural pronouns " their " and " they " shows that the testator used the word " each " as synonymous with the word " all," and that the use of the words " their " and " they " was not a grammatical error unintentionally twice repeated. It is clear that the testator contemplated only one division of the corpus of his estate; and obviously the time of the division as described in item eleven is a time when the grandchildren can by themselves, collectively and voluntarily, " determine " upon " a sale or division " (in kind). If there is to be only one division and this only when all the grandchildren can participate, manifestly no division can be had unless they are all of age. All restrictions and limitations on the estate of the testator are to be removed; and *their* interest and title, to be absolute and subject to sale or division as *they* may determine, would not permit a division at a time when some of the children of the three sons might be minors and could not determine for themselves whether the estate should be divided by sale or by division in kind, and such a division would certainly be at a time when " *all* restrictions and limitations " could not be removed.

Only one of the sons of the testator has died. It appears that this particular son left an only child, the present plaintiff; but if another of the testator's sons should die leaving more than one child, one of whom was a minor and another who had reached majority, there would have to be more than one division of the estate by sale or in kind as these two children might determine, each deciding the question at different times before one of the one-third shares devised per stirpes by the testator could be distributed. Nothing is clearer to us than that the testator had a fixed plan by which his sons should have merely a life-estate and that his grandchildren should have the fee in remainder, — a fixed fee but with possession postponed until all the grandchildren should reach the age of twenty-one years. This intention as bespoken in item eleven is consistent with the provision in item five of the will that the executor collect the income and divide the same annually; it is consistent with the provision in item seven wherein the testator expresses his " will and desire " that his estate " be kept together " and administered at all times so as to reap the best results and

bring the greatest income; it is consistent with the first item of the will with reference to the duty of the executor to provide a monument and place an iron fence around his grave, which concludes: " and it is my wish that my executor keep up my grave, fence, and monument;" it is consistent with the provision of item two, wherein the testator provides that the compensation of the executor shall be $100 annually from the " rents, interest, and income of my estate." All of the circumstances indicate that the word " each," as used in item eleven, was intended by the testator to mean " all," because any other meaning would be inconsistent with the general plan of the testator to keep his estate together so that his sons would have a life-estate and none of his grandchildren be omitted in having his or her full share of the particular one-third of his grandfather's estate of which his father had been a life-tenant. The idea of equality as between his three sons is more than once mentioned by the testator. This equality would be destroyed if the child or children of any one son, by forcing a division, could diminish the value of the estate either as to the whole or as to any portion thereof, and certainly a premature division would give to those legatees who first received their shares an advantage by placing the whole burden of the expenses of administration provided in the will upon those who, under the terms of the will, could not enter the division. The executor is to receive $100 per year until all of the estate is distributed. He is to make annual returns of his expenditures year by year until the same time; and the testator intended that this expense, like everything else, should be equally distributed.

2. The meaning of many words is determined by the time, circumstance, the occasion, the place and the subject-matter; and the use of the word " each " as synonymous with, or at least as a substitute for, " all " is not unusual, and has frequently been judicially recognized; and it is not difficult for us to give it that meaning in this case, when such meaning harmonizes with every provision of the will, and no other definition will so assimilate itself with the other provisions of the will as to make clear the intention of the testator. Mr. Justice Holmes, speaking for the court in the recent Country Bank case, American Bank & Trust Co. v. Federal Bank, 256 U. S. 350, 358 (41 Sup. Ct. 499, 65 L. ed. 983), says, as to the meaning of the word " right:" " But the word ' right ' is

one of the most deceptive of pitfalls; it is so easy to slip from a qualified meaning in the premise to an unqualified one in the conclusion. Most rights are qualified. A man has at least as absolute a right to give his own money as he has to demand money from a party that has made no promise to him; yet if he gives it to induce another to steal or murder, the purpose of the act makes it a crime." The same distinguished jurist, in defining the word " income," holds that " it is not necessarily true that income means the same thing in the constitution and the act. A word is not a crystal, transparent and unchanged; it is the skin of a living thought, and may vary greatly in color and content according to the circumstances and the time in which it is used." Towne *v.* Eisner, 245 U. S. 418, 425 (38 Sup. Ct. 158, 62 L. ed. 372, L. R. A. 1918D, 254). This court has more than once held the disjunctive " or " to mean " and," and vice versa, determined by the circumstances and surroundings in which either of these little words was placed. In other jurisdictions the word " each," judged by its context, has been held to mean " all " or " every." Seiler *v.* State, 160 Ind. 605 (65 N. E. 922, 66 N. E. 946, 67 N. E. 448) ; Adams Express Co. *v.* Lexington, 83 Ky. 657; Beck & Pauli Lith. Co. *v.* Evansville Brew. Co., 25 Ind. App. 662 (58 N. E. 859) ; Bartlett *v.* Houdlette, 147 Mass. 25 (16 N. E. 740) ; Potter *v.* Barthelet, 20 Fed. 240, 242; Gibson *v.* Keuffer, 69 Kan. 534 (77 Pac. 282) ; DeLaney *v.* Jackson, 95 Ark. 131 (128 S. W. 859).

The learned trial judge erred in not sustaining the demurrer, and in not dismissing the petition; and the judgment must be

*Reversed. All the Justices concur, except Beck, P. J., and Hill, J., dissenting.*

HILL, J. John W. Bradley at the time of executing his last will and testament had three sons, Henry, Joseph, and Otis Bradley. After making certain specific bequests the testator devised to his said three sons certain bequests as contained in item 5 of his will. Henry Bradley died after the testator's death, leaving one child, Huron Bradley, the plaintiff in the court below and the defendant in error here. Huron became twenty-one years of age in November, 1921, and demanded of the executor of his grandfather's will that one third of the estate devised to the aforementioned legatees be set apart to him free from all restrictions and limitations, contending that under the terms of the will he is en-

titled to a fee-simple estate in remainder to one-third of the estate, having reached the age of twenty-one years. The executor declined to make such division, contending that the estate should be held by him as such executor until *all of the remaindermen* became twenty-one years of age. The defendants in the court below, and plaintiffs in error here, filed a demurrer to the petition, which the court overruled, and this ruling of the court is assigned as error. The question for determination is whether it was the intention of the testator that his estate should be kept together and remain together in the hands of his executor until the death of his three sons and until all of his grandchildren, the remaindermen, reached the age of twenty-one years? Or, was it the purpose of the testator to give his three sons named in item 5 of his will a life-estate as tenants in common, with a vested remainder to their children respectively, on their arrival at the age of twenty-one years? The plaintiffs in error contend for the former construction; the defendant in error, a grandson of the testator, contends for the latter construction. In arriving at the proper construction of wills courts will seek diligently for the intention of the testator and give effect to the same as far as it may be consistent with the rules of law. Civil Code (1910), § 3900. But, as said in the case of *Olmstead* v. *Dunn, 72 Ga.* 850, 855, "Every will is a thing to itself. It is emphatically not only sui juris but sui generis. Its terms are its own law, and the application of that law by construction of itself — of the statute which the testator himself enacted, to the contestants for its bounty, is the plain duty of the court. Like variety in the leaves of the forest and the faces of mankind, no two wills scarcely can be found precisely alike. So that every will not only must be construed by itself as containing its own law; but being the only one of its kind, having only its own features, countenances, and expression of the mind — the intention that the mind of him who can no more be heard by word of mouth expressed in those features and that face which he put on the paper, it can receive but little help from the expression of other features and faces put on paper differently by other minds." As stated above, the plaintiffs in error contend that only one division of the estate was contemplated or provided for by the testator; that there is to be no division until the death of all the life-tenants; that there is to be no division until all the remaindermen become

twenty-one years of age. In arriving at the true intention of the testator such intention is to be sought within the "four corners of the will."

Item 5 of the will in part provides that "said sons are to have and enjoy and possess said property only for and during their natural lives, and after their death the same shall go to and vest in their children, share and share alike, the children of said sons mentioned, each, upon the death of the father, to have a one-third interest in remainder in all of said property; none of said property, except as hereinafter set forth shall be sold, conveyed or encumbered, or divided until the remaindermen each shall become twenty-one years of age." There is no suggestion in the above item that the executor, who is clothed with certain trusts, is to continue as such for the protection of the remaindermen. And in the same item of the will it is declared to be the purpose of the testator " to give my sons a life-estate, in the income, profits, rents, and interest derived therefrom my estate, and at their death, *or either of them,* (italics ours) their children shall inherit a fee-simple title in remainder, with the limitations as to a sale or division as mentioned and in manner and form as hereinbefore set forth." The executor is to divide the income among the sons, but the will gives him no authority to divide the income with the children of the sons. On the contrary the above clause of the will provides that at the death of the sons, *or either of them,* their children shall inherit a fee-simple title in remainder. The law favors the vesting of remainders in all cases of doubt. Civil Code (1910), § 3680. The above language creates a life-estate in trust for the sons, with a legal remainder *in fee* to their children. I am of the opinion that upon the death of one of the sons his child, or children, takes a remainder in fee simple in his deceased parent's interest or share of the property, free from the trust imposed upon the executor with reference to the life-estate; and therefore, after the death of one of the life-tenants, the executor has no right to hold or manage the remainder interest of such remainderman. As to that share in the estate the executor's duties are at an end. The testator in the fifth item of his will made it clear as to when a division of his estate should be made, that is, " at their [the sons] death, or either of them," and further, " the children of said sons mentioned, each, upon the death of the father, to have a one-third

interest in remainder." It will be observed that the testator used the singular "father," and not the plural "fathers." "But none of said property, except as hereinafter set forth, shall be sold, conveyed or encumbered, or divided until the remaindermen each shall become twenty-one years of age." The above construction of the will of testator is rendered still more apparent by the language used in item 11 of the will, as follows: "When *each* (italics ours) of the children of my three sons reach twenty-one years, then all restrictions and limitations on my estate are to be removed, and their interest and title to be absolute and subject to sale or division as they may determine."

In reaching the above conclusion I am not unmindful of the able and ingenious argument made by counsel for plaintiffs in error that the verb "reach" as used in the will is plural, and that the subject "each" as used in the will must also be plural, and that the word "each" as used means "all" distributively, or, what amounts to the same thing, "every one" taken collectively. It is argued that the word "each," as used in the above item of the will, can not mean "any one," because the verb is plural, and the pronouns "their" and "they," as used in the same sentence, refer to the noun "each," and it is argued that if the word "each" as used meant "any one," then the verb should have been "reaches," and "his or her" would have been used in the place of "their" and "they." A sufficient answer to the above is that if the testator had meant the word "each" to mean "all" of his grandchildren, he probably would have used that word; but he did not do so, but used the above language which, though not grammatically correct, perhaps, expresses clearly the intention of the testator as held above. See, in this connection, the definition of the word "each," as adopted by the courts in the following cases: State *v.* Maine Central R., 66 Me. 488, 510; Beck & Pauli Lith. Co. *v.* Evansville B. Co., (supra); Re Penny's Est., 159 Pa. 346 (28 Atl. 255, 256).

Two provisions of testator's will, outside of items 5 and 11, are referred to in the majority opinion as throwing light upon testator's intention. One is that the testator's direction that his executor be paid $100 per annum for his services as executor; and the other, that the testator's grave should be kept up by his executor out of the income from his estate. It is apparent that the latter direction could not be complied with indefinitely, or else it would

defeat the evident purpose of the will, after *all* the remaindermen became twenty-one years of age on the death of *all* the life-tenants. Nor could the first direction as to the compensation of the executor change the testamentary scheme as to the disposition of testator's property. Nor does it throw light on what that scheme was, so as to change the testator's intention as to the time when the remaindermen, — his grandchildren — should take in remainder. The most that can be said of the above provisions of the will is that they create some uncertainty; and in cases of doubt the rule is that it should be resolved in favor of vesting the remainders. Civil Code (1910), § 3680. Any other construction of the will than as expressed above might defeat some of the grandchildren from ever taking possession at all as remaindermen, for it might be fifty years or more before *all* of the children die and all of the grandchildren become twenty-one years of age. Such was never the testator's intention, in the writer's opinion. Therefore I can not concur in the opinion of the majority of the court.