## LEROUX & CO., Inc., et al. v. MERCHANTS DISTILLING CORPORATION.

### No. 9351.

Circuit Court of Appeals, Seventh Circuit.

Jan. 21, 1948.

John H. Beasley, of Terre Haute, Ind. (Beasley, O'Brien & Beasley, of Terre Haute, Ind., and Schnader, Kenworthey, Segal & Lewis, of Philadelphia, Pa., of counsel), for appellant.

H. B. Aikman and Aikman, Piety & McPeak, all of Terre Haute, Ind., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiffs appeal from a judgment disallowing their claim for damages. The action was predicated upon an alleged breach of a written contract between Leroux and Co., Inc. (hereinafter called Leroux) and Merchants Distilling Corporation (hereinafter called Merchants) that the latter supply Leroux with whiskey for the ultimate and exclusive use of Spatola Wines, Inc. (hereinafter called Spatola). The case was tried by the court without a jury, and the trial judge, in his Special Findings of Fact, found that the duration of the contract in question was for a period of one year with four options of renewal for one year periods; that renewal required affirmative notice by both parties to the other; that this condition was not met; that pursuant to a contingency therein the contract was terminated before the expiration of the one year by the sale by Merchants of its bulk whiskey inventory and bottling supplies to a disinterested third party; and that Merchants did all it contracted to do by following in effect a provision of the contract in the case of a sale by setting aside a reserve of 1,200 barrels of whiskey for the use of Leroux during the succeeding year.

At the time of the complaint plaintiffs were Pennsylvania corporations, which were closely associated through the ownership of capital stock by one Joseph Spatola. Spatola was a wine and whiskey retail distributor, while Leroux was the bottler and the exclusive supplier of Spatola's whiskey requirements. Merchants, an Indiana corporation, was a distiller of whiskey. The contract in question between Leroux and Merchants was entered into September 25, 1940, and was motivated by the desire on the part of both Leroux and Spatola for a uniform supply of whiskey. It provided that Merchants would reserve 1,200 barrels of whiskey for Leroux during each calendar year the contract was in force. As to the length of time the contract was to be in force it was specifically provided that: "It is agreed and understood between both parties that this contract is written for a period of one year from date with four options of renewal for one year periods, upon notice each party to the other, thirty days from date of expiration hereof."

Plaintiffs contend that this paragraph was intended to, and does mean, (1) that the contract was to run for a maximum period of five years, provided that either party notified the other annually within the proper time limit, (2) that the sale by Merchants of its bulk whiskey inventory and bottling supplies to a third party was not within the meaning of a sale of the business, which, as contemplated by the parties, would terminate their contract. Defendant, however, insists that to renew, both parties had to consent, and that, further, its sale of its whiskey inventory and bottling supplies was properly to be construed as a sale of the business.

In oral argument plaintiffs conceded that to reverse the District Court this court must accept both of their contentions. In view of the position we take there need be no discussion of the second point.

From what we have thus far said, it is clear that the controversy centers on the interpretation of the paragraph providing for annual renewal of the contract. The pertinent language is "upon notice each party to the other."

Now, plaintiffs argue that if both parties are required to give to the other their consent for renewal, then the clause "with four options of renewal for one year periods" is a nullity; that if both parties must consent to renewal then there can be no option; and they make the point that defendant itself considered the contract one for five years.

It appears that the original draft of the contract was silent as to duration and when thus submitted to defendant, its president added the controversial paragraph.

In support of their contention that the defendant itself considered the contract one for five years, plaintiffs urge upon us the testimony of an officer of Leroux, who, upon oral inquiry of the reason for the additional paragraph, was told by defendant's agent that a definite period had to be fixed and that it was for five years. This testimony was denied by defendant's agent.

It is not easy to discern from the record where the truth lies. However, weighing the credibility of the witnesses is the trial judge's responsibility. He believed defendant's witness. His judgment as to credibility is final.

We now consider plaintiffs' argument that if both parties must consent to renewal then there can be no option. In effect they insist that the word "either" should be substituted for "each," and that if the court's construction with regard to renewal is accepted, then the renewal provisions are irreconcilably in conflict.

It is elementary that the words of a contract must be given their common or ordinary meaning. The word "each" is not uncertain. It is a dominant word and does not admit of question, In re Penney's Estate, 159 Pa. 346, 28 A. 255. And while it is true that an option is the exercise of the power of choice which may or may not be exercised, in the sense used by the parties the word "option" refers to the possible duration of the contract. The ordinary meaning of "each" in the disputed paragraph clearly means that both parties are required to notify the other of its consent to renew. To paraphrase, the contract is for one year with four options of renewal, provided the parties notify each other within a time limit. Thus, in context there is no conflict, because the

claimed irreconcilables refer to separate phases of the contract.

As was said in the case of Morris v. Thomas, 57 Ind. 316, 322: "There is no room, * * * in the phraseology or verbiage of this clause, for construction or interpretation. It is plain, certain, and free from ambiguity. It contains not a word or expression of doubtful or indefinite meaning. There is but one technical word in the entire clause, and the meaning of that word is fixed and made certain by means of its context. If there was an obscurity, uncertainty or ambiguity in the terms of this contract, then the acts of the parties in connection therewith, * * * would furnish valuable aid in the construction of the contract. But where, as in this case, the terms of the contract are plain, intelligible and free from doubt and uncertainty, rules of construction are unnecessary and of no possible service. In such a case, it is certainly not the province of the courts, by any rules of construction, to make another and entirely different contract for the parties from the one they made for themselves." See also Wm. J. Lemp Brewing Co. v. Ems Brewing Co., 7 Cir., 164 F.2d 290.

Affirmed.