**MEAD JOHNSON TERMINAL CORPO-
RATION, Plaintiff-Appellant,**

v.

**NORTHWESTERN NATIONAL INSUR-
ANCE COMPANY OF MILWAUKEE,
WISCONSIN, Defendant-Appellee.**

**No. 11358.**

United States Court of Appeals
Seventh Circuit.

Sept. 27, 1955.

Edward E. Meyer, Richard Waller, Evansville, Ind., for plaintiff-appellant.

Frederick P. Bamberger, Edmund F. Ortmeyer, William P. Foreman, Evansville, Ind., for defendant-appellee.

Before MAJOR, FINNEGAN and LINDLEY, Circuit Judges.

**104**

FINNEGAN, Circuit Judge.

Plaintiff sued on a contract of insurance issued and executed by defendant, January 6, 1952. Under that "Transportation Policy," plaintiff's barge terminal and warehouse buildings were insured: "Only against direct loss or damage caused by ice, driftwood, vessels and other articles carried by the waters of the Ohio River, and also by collapse of the buildings caused by the perils insured against." Plaintiff's terminal building failed when its supporting piers slipped under pressure exerted by a bank of accumulated dirt, mud, silt and driftwood. The evidence as to cause of loss and damage is undisputed. Because he thought this policy did not cover the loss demonstrated by plaintiff's evidence, the trial judge directed a verdict for defendant when the plaintiff rested. This appeal was taken from that ruling and the denial of plaintiff's motion for a new trial.

An engineer, called by plaintiff, supplied this pivotal testimony when asked what caused the piers to slip:

"Well, the pressure of the earth accumulated behind the piers, and particularly at this time the wet state of the material, as it had been saturated by prolonged high stages, which sort of liquidated—or liquidated the material and increased the pressures that were being exerted on the piers. That is, the material is less stable when it is wet, than when it is dry." (Tr. 34.)

Defendant insists it was not an insurer of the river bank and that plaintiff's loss stemmed from other than an insured peril since the indemnification was against damage caused by things transported or carried by the Ohio River. Plaintiff contends, in substance, that the River carried the mud, silt and driftwood to the focal point of pressure and disputes defendant's theory that such items became a part of the river bank. In short, defendant's position is that its liability, under the policy, attaches only when the assured suffers a loss caused by contact with items moving along the River. Motion of an object causing damage being indispensable for liability under this policy, according to defendant's position. Since the accumulated materials were at rest and piled up, defendant resists this claim for damages. Plaintiff recognized that the bank, in question, is the resultant of an accumulation—alluvion deposits over a period of time, and concedes its inability to prove the periodicity, or quantum of such deposits for, or at, any specific intervals. Clearly there are three key inquiries: (i) what does the policy cover? (ii) what did happen to plaintiff's terminal? and (iii) was there an issue of fact for the jury? "Collapse" of buildings is a contemplated risk when such action is caused by the "perils insured against." But, in order to reverse the judgment appealed we would be forced to expand that clause to encompass pressures generated by the river bank. While dirt, and driftwood were forwarded to those areas where pressure build-up commenced, it is clear from this record that there is wanting proof what, if any, particular particle or particles of moving silt or driftwood finally touched off the forces causing the terminal collapse.

■ As used by these parties, in this policy, the word "carried" is to be given its ordinary meaning in accordance with normal usage. Whiting Stoker Co. v. Chicago Stoker Corp., 7 Cir., 1949, 171 F.2d 248, 251; Leroux & Co. v. Merchants Distilling Corp., 7 Cir., 1948, 165 F.2d 481, 482–483; 9 Wigmore Evidence, § 2458 (3d ed. 1940), Restatement, Contracts §§ 227, 235(a), Justice O. W. Holmes, The Theory of Legal Interpretation, 12 Harv.L.Rev. 417 (1899). Without evidence of damage caused by an object moving along the River, plaintiff's case could not go to a jury. For "carried," as employed in this contract of insurance, delimits the loss to one occurring during transportation of "ice, driftwood and other articles" rather than a gradual accumulation of such

items that had moved with the River's current. The internal activity of particles inside the River's bank, where the chain of causation was broken and buried, does not bring this loss within the coverage of the policy sued upon. Beryllium Corp. v. American Mutual Liability Ins. Co., 3 Cir., 1955, 223 F.2d 71 cited by plaintiff during oral argument is nonpersuasive in the face of the Transportation Policy we examined here.

The judgment of the district court is affirmed.